THOMAS J. FITZGERALD *vs.* CHARLES H. BECKWITH, trustee.

Hampden.    September 23, 1902. — October 30, 1902.

Present: HOLMES, C. J., MORTON, LATHROP, BARKER, & LORING, JJ.

*Agency.    Mortgage.    Payment.*

If a mortgagee assigns the note and mortgage and the assignee authorizes the mortgagee, his assignor, to collect both interest and principal on this and other mortgages for him, and thereafter revokes the authority as to principal, continuing it as to interest, but giving no notice of such revocation to the mortgagor, the mortgagor on a bill to redeem is entitled to credit for two payments of principal made to the original mortgagee relying on his apparent authority after his authority to collect principal had been revoked.

BILL IN EQUITY, filed October 3, 1901, to redeem from a mortgage a certain lot of land in Holyoke.

In the Superior Court the case was heard by *Fox*, J., who made a decree that the mortgage should be cancelled and discharged upon payment by the plaintiff of the sum of $300 and interest from a certain day, that being the sum found by the judge to be due on the mortgage and note.    The judge also made a report of the facts, the substance of which is stated by the court.    The defendant appealed from the decree.

The following are the special findings of fact made by the judge which are referred to by the court:

"1.  Was Thomas F. Greaney authorized by the defendant to collect the $200 of the principal from the plaintiff?    He was not expressly authorized, but he had apparent authority to collect both principal and interest.

"2.  Did the plaintiff have notice of the transfer of the note and mortgage before he made the payments of principal to Greaney?  No.

"3.  Were the note and mortgage transferred from Greaney to the defendant's predecessor in title before the payments were made by the plaintiff to Greaney?  Yes."

*C. H. Beckwith*, for the defendant.

*T. D. O'Brien*, for the plaintiff.

MORTON, J.    This is a bill to redeem land from a mortgage. The case was heard by the court, and the presiding judge made

certain special findings of fact, and also reported the facts as found generally by him. There was a decree for the plaintiff and the defendant appealed.

The plaintiff bought the land from one Greaney, and to secure a part of the purchase money gave him a demand note for $500, with the mortgage in question. Greaney soon after assigned the note and mortgage to one Timothy M. Brown, trustee. Mr. Brown died in the spring of 1897 and the defendant was appointed his successor in the trust. The question is whether the plaintiff should be allowed two payments of $100 each made by him to Greaney after the assignment. Greaney has not accounted to the defendant for the payments. At the time when the plaintiff made them he did not know that Greaney had assigned the note and mortgage but supposed that he was still the holder of them.

The defendant's predecessor in title was not bound to give notice to the plaintiff of the assignment of the note and mortgage, and the fact that the plaintiff supposed that Greaney was still the holder of them when he made the payments would not justify or excuse him in making them to Greaney. But the court found specially that while Greaney was not expressly authorized by the defendant to collect the $200, he had apparent authority to collect both principal and interest on the mortgage. This finding was justified, we think, by other facts found by the presiding judge, and the legitimate inferences therefrom. Amongst other things he found that Greaney had assigned many other mortgages given to him, forty or fifty, to Brown, and that down to the time of Brown's death he had collected with Greaney's knowledge and approval all the interest that was collected on these mortgages. He also found that Greaney had collected a large sum on account of the principal of the mortgages for which he had failed to account to Brown, and that soon after his appointment the defendant discovered this and insisted that Greaney should make good " the shortage," as it is called, — which amounted to $5,500, — which he did. When paid this was credited to Greaney on the defendant's books as "shortage." The defendant directed Greaney not to collect principal in future, but Greaney continued with his authority to collect interest on the mortgages and the defendant gave no notice to

the mortgagors that Greaney's authority had been cut down till April, 1901, which was long after the second of the two payments made by the plaintiff on account of principal.

The defendant knew that Greaney had made collections on account of the principal due on the mortgages.  He required him to account for such collections.   The description of the amount due from Greaney as a "shortage" implies, or might be found to imply, that he had accounted to Brown for some of the collections, and that therefore Brown also knew that he had made collections on account of principal.   Under such circumstances for the defendant to give the plaintiff and other mortgagors no notice that he had cut down Greaney's authority to the collection of interest was to leave him an apparent authority to deal with the mortgagors as he had been doing; and as between the plaintiff and the defendant, the defendant should suffer the loss arising from a payment of principal by the plaintiff to Greaney.

The defendant relies upon *Murphy* v. *Barnard,* 162 Mass. 72, *Biggerstaff* v. *Marston,* 161 Mass. 101, and *Baxter* v. *Little,* 6 Met. 7.   But it is enough to say of those cases that in none of them was there anything to show that the party to whom payment was made had apparent authority from the holder and owner of the note and mortgage to receive such payment.

The defendant also relies upon Pub. Sts. c. 77, § 14, which provides that "In an action on a promissory note payable on demand, brought by an indorsee against the promisor, any matter shall be deemed a legal defence which would be a defence to a suit on such note brought by the promisee, except that no matter arising after notice of the indorsement or transfer of such note has been given to the promisor shall constitute a defence." The view which we have taken above, renders it unnecessary to consider this.

*Decree affirmed.*