THE PRESIDENT, DIRECTORS AND COMPANY OF THE CITY BANK OF NEW HAVEN vs. JOB THORP.

Third Judicial District, New Haven, June Term, 1905.
TORRANCE, C. J., HAMERSLEY, HALL, PRENTICE and CASE, Js.

Where one by his acts or conduct has justified the belief of another that the person assuming to be the former's agent was authorized to do what was done, it is no answer for him to say that no authority had in fact been given, or that it did not reach so far and that the other party had acted upon a mistaken conclusion. Under such circumstances, if a loss is to be borne, the author of the error must bear it.

The plaintiff made occasional loans to a manufacturing corporation and from time to time received from it by written assignments, and as collateral security, claims for merchandise sold to the defendant; but notwithstanding said assignments, and although said loans were still unpaid, permitted the assignor for several years to collect such claims under an agreement to apply them to the payment of the loans. Held that the plaintiff had thereby conferred apparent or ostensible authority upon the assignor to continue to make such collections, and therefore could not recover of the defendant claims for merchandise sold to him which he had in good faith paid to the assignor in reliance upon the plaintiff's continued sanction and approval of the practice thus established.

In one of his special defenses the defendant failed to allege that at the time the claims antedating those in suit were paid by him to the assignor, the loans for which they had been assigned as collateral were still outstanding. Held that because of this omission a demurrer to that defense was properly sustained.

The defendant averred that it had no knowledge or information of the written assignments relied upon by the plaintiff, and the latter, after having satisfactorily explained its inability to produce the

originals and after an unavailing demand upon the defendant for their production, was allowed to give secondary evidence of their terms. *Held* that such evidence was properly admitted, and that it was unnecessary for the plaintiff to lay a foundation in the complaint for its admission.

The question whether one to whom claims have been assigned as collateral security is the actual and *bona fide* owner is one for the determination of the jury under proper instructions from the court. If the loan or debt for which they were assigned still exists, and to an amount greater than the assigned claims, it is open to the jury to find that the assignee is such a *bona fide* owner, and therefore entitled to sue upon them.

Argued June 13th—decided July 14th, 1905.

ACTION on assigned claims for goods sold and delivered, brought to the Court of Common Pleas in New Haven County where demurrers to two defenses were sustained, and the case was afterwards tried to the jury before *Bishop, J.;* verdict and judgment for the plaintiff, and appeal by the defendant. *Error, judgment set aside and cause remanded.*

The first count of the complaint alleged a sale and delivery to the defendant, by the E. S. Wheeler and Company, of certain goods, at an agreed price, on sixty days' credit; an assignment of the account to the plaintiff on the same day "by an instrument in writing and for value received;" written notice of the same by the plaintiff to the defendant, with a request for payment when due to the plaintiff; that the account is due and wholly unpaid, and the plaintiff is the actual and *bona fide* holder of it. A copy of the writing relied upon was made a part of the complaint upon the defendant's motion, and is as follows:—

"New Haven, Conn., June 8th, 1903.
"Mr. Job Thorp, Westerly, R. I.
"Terms: Bought of The E. S. Wheeler & Co.
        To Merchandise, as per account rendered.
    "Sold for *account of City Bank of New Haven,* New Haven, Conn.
    "Settlement to be made only by remittance direct to them.
    "The E. S. Wheeler & Co., Nathan S. White, Ass't Treas."

Five other counts declared in the same form upon as many subsequent sales of goods, the assignment in each instance being identical with the first, except as to date, the last of them bearing date of August 22d, 1903.

There were several defenses—the same as to each count. The first admitted the sale and delivery of the goods, averred want of knowledge or information as to the assignment, and denied the rest of the complaint.

A second defense alleged that the assignment of the account was in consideration of and as collateral security for a prior loan, payable on demand, made by the plaintiff to the E. S. Wheeler and Company, and in consideration of an agreement that the latter would apply the proceeds of the account when collected, on the loan, unless it sooner paid the same; that this " was one of a continuous series of accounts for goods sold and delivered, made to the plaintiff by the said the E. S. Wheeler and Company during a continuous period of at least five years, during which time the accounts receivable for goods sold and delivered by the said the E. S. Wheeler and Company to the defendant had been repeatedly assigned by the said the E. S. Wheeler and Company to the plaintiff by purported assignments of the same tenor " as that in question, in consideration of and as collateral security for loans made by the plaintiff to the E. S. Wheeler and Company, payable on demand, and in consideration of their agreement that the latter would apply the proceeds of these accounts when collected, on the loans, unless it sooner paid the same; that the E. S. Wheeler and Company " in all cases " collected these accounts so assigned, and that it paid the loans; that the plaintiff during all said period permitted, suffered and authorized the E. S. Wheeler and Company to retain control over the assigned accounts, so that it might collect them and apply the proceeds in payment of the loans as they matured; that in no case did the defendant ever make payment to the plaintiff of the account so assigned, " but in each and every case the defendant paid the same to the said the E. S. Wheeler and Company, notwithstanding the said purported assignments,

and notwithstanding that notice thereof in some cases had been given to the defendant by the plaintiff;" that relying upon this course of business pursued by the plaintiff, the defendant was induced to and did believe that the plaintiff had permitted, suffered and authorized the E. S. Wheeler and Company to retain control over the account in suit, and to collect it, notwithstanding any purported assignment thereof; that so relying upon the plaintiff's course of business, and with the knowledge and in the belief that the plaintiff had permitted, suffered and authorized the E. S. Wheeler and Company to retain control of and collect the account in suit, the defendant was induced to, and in good faith did, pay to the latter and at its request the full amount of the account.

A third defense pleaded payment of the accounts in suit to the E. S. Wheeler and Company as the plaintiff's duly appointed agent to collect them, to which the plaintiff replied a denial.

A demurrer to the second defense was sustained upon several grounds, all but one of which were repeated in a demurrer to the fourth defense as subsequently filed, and are sufficiently stated in that connection. The single ground referred to was that " it does not appear that the loans from the plaintiff to the E. S. Wheeler and Company had not been fully paid when said collections were made by the E. S. Wheeler and Company in the several instances set forth in said defenses."

A fourth defense was then interposed by adding to the second defense an allegation that the loans referred to were not fully paid when the several collections of the accounts were made.

A demurrer to this defense was sustained, substantially upon the grounds that the earlier dealings of the parties were without bearing upon the matters in suit; that the defendant's belief and good faith constituted no excuse for a violation of the assignments and notices; that there appeared neither a revocation of the notice, nor any agreement in derogation of the terms of the assignment, nor any au-

thority to the defendant to make payment of the accounts to the E. S. Wheeler and Company, nor was there shown either an assent to or knowledge of these payments on the part of the plaintiff; that upon the facts disclosed the defendant was a party to an attempt to deprive the plaintiff of its security.

Upon the trial the plaintiff " admitted that it could not produce said claimed assignments to it of the accounts in suit set up in the complaint. It introduced evidence that said assignments had been transmitted to and received by the defendant, and gave him written notice to produce the same, which the defendant stated he was unable to do, and that he did not have them, nor did he have any remembrance of ever having received them." The plaintiff was then permitted to introduce secondary evidence of the terms of the writings.

The defendant offered to show the details of his business relations with the plaintiff and the E. S. Wheeler and Company, during a period prior to the first of the assignments in suit, substantially as alleged in his fourth defense. The testimony was excluded.

The rulings on the demurrers, and in the admission and rejection of testimony are assigned as error. Error is also assigned upon certain passages in the charge to the jury, and because of the court's refusal to charge in the language of certain written requests. These matters are sufficiently treated in the opinion.

*Edward H. Rogers*, with whom was *Herbert W. Rathbun*, for the appellant (defendant).

*George D. Watrous* and *John W. Edgerton*, for the appellee (plaintiff).

CASE, J. All the special defenses aver that the several accounts antedating those in suit were assigned as collateral security. Payment of the debts so secured before the assigned accounts were collected would extinguish whatever

rights the bank acquired to the latter by the assignments. It does not appear from the second defense that this was not the situation when the defendant made the several claimed payments to the E. S. Wheeler and Company, and the essential purpose of the defense therefore fails. The first demurrer was properly sustained for this reason.

The fourth defense avoids this defect. It states an uninterrupted course of dealing in transactions precisely similar to those in suit, involving the same parties in the same respective relations and covering a considerable period of years, during which an invariable method has been openly pursued by the parties, and not only fully acquiesced in and approved by the bank, but directly invited by it. This included the collection of these accounts from the defendant by the E. S. Wheeler and Company "in each and every case," regardless of any assignment and its attendant notice, all under the permission and authority of the bank, and while the indebtedness to the bank which they were intended to secure remained unpaid. It is also alleged that the defendant paid the accounts in suit to the E. S. Wheeler and Company, honestly relying upon and in pursuit of this custom, and that he acted in so doing "with the knowledge and in the belief that the plaintiff had permitted, suffered and authorized" the E. S. Wheeler and Company to follow the same course with these accounts that it had uniformly authorized and approved in the past dealings of the parties.

This is a good defense. It is not essential to its effectiveness that express agency or authority appear; it is enough that throughout a long course of similar dealings between the same parties the bank has invariably permitted the assignor of these claims to undertake and manage their collection, and that, with full knowledge of the situation—which must be imputed to it on the facts set forth—the bank's attitude and conduct have been such as to warrant the defendant's honest belief in its continued sanction and approval of this course. "Where one, without objection, suffers another to do acts which proceed upon the ground of authority from him, or by his conduct adopts and sanc-

tions such acts after they are done, he will be bound, although no previous authority exist, in all respects as if the requisite power had been given in the most formal manner. If he has justified the belief of a third party that the person assuming to be his agent was authorized to do what was done, it is no answer for him to say that no authority had been given, or that it did not reach so far, and that the third party had acted upon a mistaken conclusion. He is estopped to take refuge in such a defense. If a loss is to be borne, the author of the error must bear it. If business has been transacted in certain cases it is implied that the like business may be transacted in others." *Bronson* v. *Chappell*, 12 Wall. (U. S.) 681, 683. Whether the subject is treated as an agency by estoppel, or as one of apparent or ostensible authority, the principle is the same and the law is well settled. *Union Trust Co.* v. *McKeon*, 76 Conn. 508, 513 ; *Harrison* v. *Legore*, 109 Ia. 618, 622 ; *Johnston* v. *Milwaukee & W. I. Co.*, 46 Neb. 480, 490. We think it clear that the allegations of the fourth defense, if established, disclose an apparent authority in the E. S. Wheeler and Company to collect the accounts sued upon, and that as between the plaintiff and the defendant any loss arising therefrom must be borne by the former. *Fitzgerald* v. *Beckwith*, 182 Mass. 177, 179.

The trial court erred in sustaining the demurrer to this defense, and the error was logically followed upon the trial by the rejection of such testimony as was pertinent only to establish its allegations. The initial error also foreshadowed those instructions to the jury which limited them to a consideration of express agency, as distinguished from an apparent or ostensible one, which is the gist of the defense. These errors, therefore, call for no independent consideration.

There was no error in the admission of secondary evidence of the terms of the several written assignments. The effect of the pleadings was to admit their due execution. *Woronieki* v. *Pariskiego*, 74 Conn. 224, 226 ; *Uncas Paper Co.* v. *Corbin*, 75 id. 675, 677 ; *Garland* v. *Gaines*, 73 id. 662.

Copies of them had already been made a part of the complaint at the defendant's instance. The plaintiff having satisfactorily explained its inability to produce the original writings, and having made seasonable but unavailing demand upon the defendant for their production, had satisfied every legal prerequisite for the production of secondary evidence as to their precise terms. Neither their loss, nor destruction, nor a surrender of their possession, under circumstances which implied no relinquishment of its rights under them, made it necessary for the plaintiff to lay a foundation for this course in its complaint. *Hinsdale* v. *Miles*, 5 Conn. 331, 334; *Bank of the U. S.* v. *Sill*, ibid. 106, 111.

Whether the plaintiff could sue in its own name as the actual and *bona fide* owner of the claims, was still in issue as the case reached the jury, and this was a question for their determination under proper instructions. The court charged them that if the assignments were made as collateral security for outstanding loans on which a sum still remained due greater than the amount of the assigned accounts, they might find that the plaintiff was the *bona fide* holder of the accounts and entitled to sue upon them. This seems to be in harmony with other passages of the charge dealing with the same subject, and at least in its application to the case presented upon the record it was correct. No informality which the writings themselves disclose would have justified the trial court in holding, as matter of law, that they are not adequate for the purposes claimed by the plaintiff; and upon the conditions assumed, which correctly outlined claims of fact as presented by evidence, the assignments vested in the plaintiff that real beneficial interest which furnishes the test of its rights to maintain an action upon them in its own name. The plaintiff's equitable ownership was not necessarily the less actual, *bona fide* and without accountability, because it was extinguishable in whole or in part by the performance of some future condition within the agreement of the parties. *Metropolitan Life Ins. Co.* v. *Fuller*, 61 Conn. 252, 262; *Devine* v. *Warner*, 75 id. 375, 381, 76 id. 229, 234.

The trial court neglected to charge the jury in the language of fifteen written requests presented by the defendant, and this is assigned as error. The charge fairly covered some of these requested instructions ; others—dealing with the question of the plaintiff's right to sue in its own name—were properly refused for reasons already indicated. The only material error upon this branch of the case came from the court's treatment of the subject of apparent or ostensible authority, as involved in the fourth defense. What we have already said, in discussing the erroneous ruling on the demurrer, reaches such errors upon the trial as were obviously the direct outcome and result of it.

There is error, the judgment is set aside and the case is remanded to be proceeded with according to law.

In this opinion the other judges concurred.