MILDRED N. SIEGER *vs.* VICTOR RIU ET ALS.

MALTBIE, C. J., HINMAN, AVERY, BROWN and JENNINGS, Js.

Argued October 5th—decided December 9th, 1937.

*Charles V. James,* with whom, on the brief, were *Arthur M. Brown* and *Roland S. Grubb,* of Pennsylvania, for the appellants (defendants).

*Richard L. Norman,* for the appellee (plaintiff).

JENNINGS, J.  The plaintiff is the owner of about five acres of land in the Laurel Glen district of North Stonington.  This tract resembles a capital L in shape, the vertical bar running north and south and the horizontal bar extending to the east.  The south, west and north boundaries are not in dispute.  The defendant Champion is a tenant and caretaker of the defendants Victor and Emil Riu.  Unless otherwise indicated, "defendants" refers to the Rius only.  The defendants claim title to the eastern half of the horizontal bar. There is a well in the extreme eastern tip.  During the trial the defendants also made claim to that portion of the land on which the plaintiff's house stands, about a third of the way up the vertical bar, but this claim was not pressed in the brief.  The acts of trespass complained of and practically admitted consisted of blocking up a private right of way, destroying the plaintiff's fences and interfering with the use of her well.

The parties derive title from a common grantor who owned the entire tract of about seventy-five acres.

This grantor first sold about seventy acres to the defendants' predecessors in title and the balance came by mesne conveyances to the plaintiff. The determination of the boundaries of the defendants' land is therefore the essential issue. The southerly boundary in the defendants' deed reads as follows: "southerly by lands now or formerly of Henry Ecclestone and lands now or formerly of Azariah Maine, and westerly by the highway and lands of this grantor." In the attempt to establish their respective contentions, the parties introduced voluminous testimony including declarations, testimony as to occupation and use, ancient and modern deeds, surveys and maps. The memorandum of decision and finding both indicate that the decisive factor in the mind of the trial judge was the map prepared at the time of the original conveyance to the defendants in 1912.

As stated by him, the story of this map is as interesting as fiction. Two copies were made originally. One was filed in the office of the town clerk and the other went to the defendants. The copy in the office of the town clerk disappeared and that part of the other relating to this controversy was burned in the mails. Fortunately for the plaintiff, a lawyer searching the title had made a tracing of the map in the office of the town clerk. It was produced in court and, for reasons which it is unnecessary to detail here, was admitted in evidence. Careful study of the evidence leads to the conclusion that this ruling was correct. As a matter of fact, there was no objection to its admission when it was finally offered. The ruling is not made an assignment of error but the same result is sought by attacking the findings based on its admission. Established as a credible exhibit, this map is decisive of the issues in the case.

A subsidiary claim of the defendants is to the effect

that in their deed the land was described as bounded upon the south by lands now or formerly of Azariah Maine and only by including in the deed the land in dispute could that boundary be given effect. The boundaries in their deed were very inadequately stated; while there was some evidence to the contrary, a map which they offered in evidence shows that there was a tract of land formerly owned by Azariah Maine which did abut upon the south side of a portion of the land deeded to them that is not in dispute; and the boundary upon lands now or formerly of Azariah Maine may reasonably be satisfied by interpreting it as applying to that tract.

It is necessary to notice only one other claim of the defendants. The conclusion of the court that the plaintiff had a right of way over the private road in common with the defendants is attacked. The map filed with the defendants' deed is referred to therein and in the deeds in the plaintiff's chain of title. It shows a well-defined way marked "Private Road." Laurel Glen Road is a highway running in a generally northerly and southerly direction. The way in question leaves Laurel Glen Road just north of the well and proceeds first westerly and then, by nearly a right angle, northerly and parallel to Laurel Glen Road. Along the approximate center of this way is a dotted line marked "Line dividing the two properties." While the common grantor did not specifically reserve a right of way over this road in his deed to the defendants, its existence was necessary to the enjoyment of the reserved parcel, it was an important landmark on the ground and was used by everyone, both before and after the division into two parcels was made.

The rule as stated in *Hills* v. *Miller*, 3 Paige Ch. (N. Y.) 254, 257, was adopted by us in *Phoenix National Bank* v. *United States Security Trust Co.*, 100

Conn. 622, 630, 124 Atl. 540: "As the right is annexed to the estate, for the benefit of which the easement or servitude is created, the right is not destroyed by a division of the estate to which it is appurtenant. And the owner or assignee of any portion of that estate may claim the right, so far as it is applicable to his part of the property, provided the right can be enjoyed as to the separate parcels without any additional charge or burden to the proprietor of the servient estate." See also *Buckley* v. *Maxson,* 120 Conn. 511, 518, 181 Atl. 922. The facts bring the case squarely within the rule. An implied easement was reserved. There is no merit in this claim of the defendants.

The form and amount of relief granted the plaintiff in her judgment are not made the subject of any assignment of error. The defendants have adopted the method of attacking practically all of the findings on the ground that the court erred in holding and finding certain facts to be true. Presumably they intended to add that the facts were found without evidence. No basis for this claim is, however, stated as required by the rule. This is not the proper practice. Practice Book, § 362, Form 647 B; *Stein* v. *Davidson,* 110 Conn. 4, 9, 147 Atl. 1. While the plaintiff has pointed this out in her brief, it was not pressed in argument and in view of the thorough trial it has seemed best to consider the case on its merits. The evidence was conflicting but fairly supports the finding. This in turn supports the conclusions reached.

There is no error.

In this opinion the other judges concurred.