TERRY SQUARE MOTORS, INC. *v.* IRVING HABER ET AL.

BROWN, C. J., JENNINGS, BALDWIN, INGLIS and O'SULLIVAN, Js.

Argued November 10, 1950—decided January 9, 1951

*Maurice J. Sponzo,* for the appellant (plaintiff).

*Harry H. Kleinman,* with whom, on the brief, were *Nathan Aaron* and *William A. Rabinowitz,* for the appellees (defendants) in this and two companion cases.

BALDWIN, J. This is an action of replevin with a counterclaim for damages. The question is whether the bona fide purchasers for value of an automobile can acquire, as against the owner, good title from an agent

who has himself obtained title through fraud and in violation of his authority.

The finding, which is not subject to correction, discloses the following facts: The plaintiff corporation was a licensed dealer in used cars. Its president, treasurer and manager was Joseph Sponzo, who worked full time as a laborer in a brickyard adjacent to the premises leased by the plaintiff. The sole employee of the company was Samuel Budkofsky, an experienced used-car salesman. He had been the president and managing officer of Delmar Motors, Inc., until its license to sell had been revoked for cause. He had become secretary of and a stockholder in the plaintiff corporation, but the commissioner of motor vehicles informed Sponzo that the plaintiff's license to do business would be suspended unless Budkofsky ceased to be an officer and a stockholder. Budkofsky resigned his office and sold his stock but was continued by the plaintiff as its salesman and sole employee. On or about August 26, 1948, Budkofsky falsely represented to Sponzo that he had a customer for a 1941 Plymouth coupe owned by the corporation. At Budkofsky's request, Sponzo signed a blank invoice and gave it to Budkofsky to make the sale. Budkofsky inserted the name of Delmar Motors, Inc., as the purchaser and added, besides the Plymouth car, a 1942 Pontiac and a four-door Buick sedan. Budkofsky sold the Plymouth to the defendants, and the Pontiac and Buick to others, as the property of Delmar Motors. The defendants acted in good faith, relied on the invoice from the plaintiff to Delmar Motors and believed that the Plymouth was the property of the latter. Budkofsky pocketed the money and disappeared. The trial court held that the sale of the Plymouth car to the defendants was valid, and the plaintiff has appealed.

The plaintiff through its president Sponzo had full

knowledge of Budkofsky's conduct in the past. It chose to continue him in its employ as its only salesman and gave him ostensible authority to carry on its business. It placed in his hands an invoice signed in blank, relying upon his representations as to what he proposed to do with that invoice. By creating this situation, which made it possible for Budkofsky to obtain possession of the automobile and to exhibit what appeared to be reliable evidence of good title, the plaintiff is estopped from asserting ownership as against the defendants. That Budkofsky accomplished his fraudulent purpose through the medium of a pretended transfer of title to Delmar Motors is immaterial. The law is well established that an innocent purchaser for value under such circumstances acquires a good title. General Statutes § 6638; *Williamson* v. *Russell,* 39 Conn. 406, 412; *City Bank* v. *Thorp,* 78 Conn. 211, 217, 61 A. 428; *Goldberg* v. *Parker,* 87 Conn. 99, 106, 87 A. 555; 2 Williston, Sales (Rev. Ed.) p. 251. "If a loss is to be borne, the author of the error must bear it." *Bronson* v. *Chappell,* 12 Wall. (79 U. S.) 681, 683, 20 L. Ed. 436.

It cannot avail the plaintiff to say under these circumstances that his agent had no authority, or that he exercised it improperly, or that it did not go so far. *Keeler* v. *General Products, Inc.,* 137 Conn. 247, 250, 75 A. 2d 486, and cases cited.

There is no error.

In this opinion the other judges concurred.