Merrimack,
Feb. 3, 1953. } No. 4124.

GRAPPONE, INC. *v.* JOHN HARKO.

*Sulloway, Piper, Jones, Hollis & Godfrey* and *Irving H. Soden* (*Mr. Soden* orally), for the plaintiff.

*Joseph J. Betley* (by brief and orally), for the defendant.

DUNCAN, J. The defendant places little if any reliance upon the claim that he acquired title to the automobile by his alleged purchase, but urges vigorously that the plaintiff's conduct as disclosed by the evidence estops him, as a matter of law, to deny Kumph's authority to sell the car. R. L., c. 200, s. 23 I.

Whether title passed to Kumph depended upon the intention of the parties to the transaction. R. L., c. 200, s. 18; *Employers Assurance Company* v. *Sweatt*, 95 N. H. 31, 33. The Trial Court's finding and ruling that title did not pass is supported by the evidence and final in this court.

The finding and ruling that the plaintiff is not precluded from denying Kumph's authority to sell the automobile is likewise free from error. It is supported by other findings to which the defendant has preserved only a general exception (see *Sandown* v. *Kelley*, 97 N. H. 418, 419): "Mr. Grappone did not clothe Mr. Kumph with either express or apparent authority to sell the car. Mr. Kumph did not take the car on consignment. When the car left the premises of Grappone, Inc. the dealer's plates of Grappone, Inc. were affixed thereto. If Mr. Kumph had possession of the car on May 5, 1949, he had no other indicia of title on that date. In purchasing the car Mr. Harko relied on Mr. Kumph's representations that he was the owner, and did not believe that Mr. Kumph was acting as agent for Grappone, Inc. Mr. Grappone never made any representations, either oral or written, whereby Mr. Harko was led to believe that Mr. Kumph had authority to sell the car."

No errors of law are apparent upon the face of the findings and rulings. They establish that the plaintiff did no more than entrust Kumph with possession of the car. This was insufficient to give rise to an estoppel, even though Kumph was a dealer. 2 Williston, Sales (*Rev. ed.*) ss. 313-315; *Royle* v. *Worcester Buick Co.*, 243 Mass. 143; *Nelson* v. *Wolf*, 4 N. J. 76. No indicia of title were placed in Kumph's hands, and the plaintiff's registration plates remained upon the vehicle, so far as appears. Thus the case is to be distinguished from cases where the owner furnished evidence of title or authority, in addition to possession, to the person who made the sale. Cf. *Terry Sq. Motors, Inc.* v. *Haber*, 137 Conn. 377; note, 18 A. L. R. (2d) 813, 833; Williston, *supra*, s. 316.

It may also be noted that the Court found and ruled that the defendant "was not an innocent purchaser for value without notice." Thus even if Kumph could be found to have acquired a voidable

48

title before the sale to the defendant, the latter would not benefit from such a finding. See R. L., c. 200, s. 24.

*Judgment for the plaintiff.*

All concurred.