ARTHUR A. COHEN *v.* RAYMOND A. DAVIS ET AL.

KING, C. J., MURPHY, ALCORN, SHANNON and HOUSE, Js.

Argued May 5—decided June 1, 1965

*John J. Resnik,* with whom, on the brief, were *Nathan A. Resnik* and *Cornelius T. Driscoll,* for the appellant (plaintiff).

*Joseph T. Sweeney,* with whom was *Robert C. Leuba,* for the appellees (defendants).

MURPHY, J. In 1960, the defendants, Raymond A. Davis and Ruth M. Davis, sued the plaintiff, Arthur A. Cohen, in an action which is still pending in the Court of Common Pleas in New London County to recover the purchase price of certain hatching eggs. Cohen filed a cross complaint in that case in which he alleged that the eggs were not of the quality warranted by the Davis' and that, because of that fact, the customers to whom Cohen had sold the eggs refused to pay for them, and he sought recovery for the damages he thereby sustained. In 1964, Cohen instituted the present action in the Superior Court at New Haven, alleging the same breach of warranty embodied in his New London cross complaint. He further alleged that his customers had canceled all future orders from him, and he sought recompense for the loss of future profits in an amount in excess of the jurisdiction of the Court of Common Pleas. He also made an attachment of property owned by the Davis' in New London County. The defendants filed a plea in

abatement on the ground that there was another action pending in New London between the same parties which arose out of the same subject matter and was based on the same cause of action. The court sustained the plea and rendered judgment for the defendants, and the plaintiff has appealed.

The plaintiff has not briefed and has thus abandoned the errors assigned in the finding of facts. *Dupuis* v. *Zoning Board of Appeals,* 152 Conn. 308, 310, 206 A.2d 422. The fundamental claim both in the cross complaint in New London and in the present complaint is the breach of warranty. There is but one cause of action and that is it. The additional amount of damages sought in the complaint in the instant action is but an incident to that cause of action and could have been asserted in the New London cross complaint. *Bridgeport* v. *Aetna Indemnity Co.,* 91 Conn. 197, 204, 99 A. 566. An order for an attachment could have been obtained in the New London case; *Cole* v. *Associated Construction Co.,* 141 Conn. 49, 56, 103 A.2d 529; General Statutes § 52-282; and if damages in excess of the jurisdiction of the Court of Common Pleas were sought therein, the case could have been transferred to the Superior Court. General Statutes § 52-133. The case of *Brochin* v. *Connecticut Importing Co.,* 137 Conn. 350, 77 A.2d 336, upon which the plaintiff places great reliance, is not of benefit to him, because one of the defendants therein was not a party to the pending action at the time the garnishment of the debt owed to it was made. Id., 353. In none of the cases cited as authority for the proposition that an action will not be abated where the parties in the two actions are reversed had the defendants in the pending actions filed cross complaints. The rule in those cases is not applicable

in a situation such as the one we have here. The other assignments of error merit no discussion.

There is no error.

In this opinion the other judges concurred.