T. WARD CLEARY, EXECUTOR (ESTATE OF CORTLAND M. JONES) *v.* ZONING BOARD OF THE CITY OF STAMFORD ET AL.

KING, C. J., MURPHY, ALCORN, SHANNON and HOUSE, Js.

514

Argued February 2—decided March 16, 1966

*Paul C. Jamieson,* for the appellants (defendant Turrentine et al.).

*Theodore Godlin,* assistant corporation counsel, with whom, on the brief, was *W. Patrick Ryan,* corporation counsel, for the appellant (named defendant).

*Bernard Glazer,* with whom was *Robert M. Wechsler,* for the appellee (plaintiff).

SHANNON, J. This is an action seeking (1) a declaratory judgment that certain property is zoned neighborhood commercial in accordance with a change of zone granted in 1948 and (2) a writ of mandamus ordering the defendant zoning board to correct its records to show that the entire property is within the neighborhood commercial zone. The owner of the property, Cortland M. Jones, now deceased, instituted this action against the zoning board of the city of Stamford, and, upon his death, T. Ward Cleary, the executor of his estate, was substituted as the plaintiff. The individual defendants were made parties upon their own motion. The defendants raised special defenses of laches, waiver and estoppel and also claimed that the remedies of mandamus and declaratory judgment were not available to the plaintiff. The court heard the parties, overruled the defendants' special defenses and rendered judgment for the plaintiff both in declaratory judgment and in mandamus from which the defendants have appealed to this court.

In 1948 the subject property was north of the Merritt Parkway in the town of Stamford but outside of the limits of the city of Stamford. It was subject to the zoning regulations of the town of Stamford and within the jurisdiction of its zoning board. The plaintiff's decedent was the owner of .661 of an acre of land consisting of lot E-6 on the southeast corner of High Ridge Road and Trinity Pass Road and lot E-7, which abutted lot E-6 on its south and east sides. Lot E-6 was in an unlimited business zone, while lot E-7 was in a residential zone. The decedent petitioned to extend the unlimited business zone of lot E-6 for fifteen feet on its south and east sides and to change the rest of lot E-7 from a residential zone to a limited business

zone. The defendants concede, both in brief and argument, that this petition was granted after a hearing on February 20, 1948, effective March 1, 1948.

Subsequent thereto and prior to November 30, 1951, the city and town of Stamford were consolidated, and the zones as they existed in the town and city were left unchanged. Thereafter, on November 30, 1951, new zoning regulations were adopted for the consolidated city and town which established a list of zoning districts, and further provided: "The boundaries of these [zone] districts are hereby established as shown on a map entitled 'Zoning District Map of the City of Stamford' dated November 30, 1951, which is hereby made part of these regulations." When this map was reproduced, it erroneously failed to show any business zones north of the Merritt Parkway as they had existed prior to consolidation.

At a public hearing on December 20, 1951, the zoning board of the city of Stamford corrected this error by restoring and reinstating the business zones north of the Merritt Parkway as they existed prior to consolidation and changed the area of all neighborhood business districts "above" the Merritt Parkway to conform to the areas approved for limited business zones on November 29, 1951. Counsel agreed in oral argument that the neighborhood commercial zone is the name now applied to what formerly embraced either a limited or an unlimited business zone.

Since February 20, 1948, no zone change had taken place, and the situation remained dormant until 1961 when the plaintiff's decedent received inquiries concerning the sale of the property. The defendant zoning board now has no records of the

1948 action of the town zoning board in relation to the property in question and no records of the actions of the city zoning board in November, 1951, or December, 1951. It does not have the official zoning map by which the zones were established in November and December, 1951. The only available maps which it has are a series of maps printed and sold to the public in 1956, 1960 and 1961, respectively, and a bound group of maps referred to as sheet maps, dated 1952. Each of these maps varies with each other as to the extent of the commercial neighborhood zone of the decedent's property. Each shows a commercial neighborhood zone for the decedent's property which is larger than the original zone of the property, lot E-6, which was commercial prior to the change of zone in 1948. None shows the full change of zone which the decedent obtained in 1948. On each of them the boundary line between the commercial neighborhood zone and the residential zone cuts across a two-story building on the decedent's property.

On September 12, 1961, an attorney for the plaintiff's decedent applied to the defendant board to correct its records to show the full change of zone granted to the plaintiff's decedent in 1948. On January 25, 1962, the defendant board advised him that the case was one in which it could not act without an application for a change in zone and without a public hearing. Instead of filing an application, the decedent instituted this action.

The defendants have assigned as errors, the refusal of the court to find certain material facts which they claim were admitted or undisputed, its finding of other material facts without evidence and its finding of other facts in language of doubtful meaning so that their real significance does not

clearly appear. They have not pursued these assignments of error in their brief, however, so we treat them as abandoned. *Monahan* v. *Montgomery,* 153 Conn. 386, 389, 216 A.2d 824; *Krejpcio* v. *Zoning Board of Appeals,* 152 Conn. 657, 659, 211 A.2d 687; *Cohen* v. *Davis,* 152 Conn. 639, 641, 211 A.2d 152. The defendants have also assigned as error the court's denial of their motion to correct the finding which again they have not pursued in their brief, and so we treat it as abandoned.

The defendants in their brief argue that the court's conclusion that there was a change of zone in the property of the plaintiff's decedent in 1948 is not supported by the findings because of the absence of the official records of the defendant board and of the zoning board of the town of Stamford prior to consolidation. They claim that secondary evidence is not competent evidence.

In the absence of official records, proof thereof may be made by the introduction of secondary evidence. *Sieger* v. *Riu,* 123 Conn. 343, 345, 195 A. 735; *Brownell* v. *Palmer,* 22 Conn. 107, 123; see *Goslee* v. *Rowe,* 114 Conn. 1, 16, 157 A. 267; *City Bank* v. *Thorp,* 78 Conn. 211, 217, 61 A. 428.

The defendants' special defenses of estoppel, laches and waiver are affirmative defenses, and the defendants had the burden of proving them. The court found that they had not done so.

The plaintiff has a clear legal right to a writ of mandamus, and the defendant board has no discretion except to correct its records to show that the decedent's property, lot E-6 and lot E-7, is in the neighborhood commercial zone. There is no other adequate remedy. *State ex rel. Capurso* v. *Flis,* 144 Conn. 473, 483, 133 A.2d 901; *State ex rel. Laccrcnza* v. *Osborn,* 133 Conn. 530, 534, 52 A.2d 747; *Ameri-*

*can Casualty Ins. & Security Co.* v. *Fyler,* 60 Conn. 448, 459, 22 A. 494. Consequently, the trial court should not have rendered a declaratory judgment. *Jenkins* v. *Indemnity Ins. Co.,* 152 Conn. 249, 260, 205 A.2d 780; see *Sturtevant* v. *Sturtevant,* 146 Conn. 644, 650, 153 A.2d 828.

There is no need to discuss any other assignments of error.

There is error in the form of the judgment, it is set aside and the case is remanded with direction to render judgment as on file except as corrected to accord with this opinion.

In this opinion the other judges concurred.