No. 21766.

ROBERT H. LEE AND MARY LEE *v.* SCHOOL DISTRICT NO. R-1 IN THE COUNTY OF JEFFERSON, STATE OF COLORADO.
(435 P.2d 232)

Decided December 11, 1967.

PAUL A. MORRIS, ROBERT C. BURROUGHS, RICHARD L. ECKERT, for plaintiffs in error.

HAROLD D. LUTZ, for defendant in error.

*In Department.*

Opinion by MR. JUSTICE DAY.

THIS writ of error stems from the denial of plaintiffs in error's petition in the trial court under R.C.P. Colo. 105 to establish an implied easement *by way of necessity* over the lands of defendant Jefferson County School District No. R-1, hereinafter referred to as School District or defendant. We will refer to plaintiffs in error as plaintiffs or as Robert and Mary.

Minnie A. Lee, the mother of Robert, was originally the sole owner of a large tract of land — a farm and orchard — in Jefferson County. In 1952 she divided the land among her several children by conveying a parcel thereof to each child and his or her spouse as joint tenants with herself. Robert and Mary became joint owners with her of property described herein as parcels 77 and 84 — the subject matter of the within action — whereas Minnie and other children and their spouses held the lands adjoining the west boundary line of parcels 77 and 84. These westerly parcels will be referred to as No. 8 and 76.

Minnie Lee had been adjudged a mental incompetent when in 1959, along with the trustees or conservators of Minnie's estate, the plaintiffs conveyed parcel 84 to the defendant School District. The southern boundary of 84 abutted on West 38th Avenue with a frontage of 543 feet. The deeds to the School District were silent as to any right of way or easement across parcel 84 conveyed

for the benefit of parcel 77 which had been retained. The matter of right of way or easement across the lands of the defendant was not discussed by the parties at any time during the negotiations for conveyance of the land. After the conveyance and before this suit was instituted a school had been built on parcel 84. The easement which plaintiffs below sought was a 30 foot wide street through the school grounds to West 38th Avenue.

The easement *by way of necessity* was sought approximately four years after the conveyance to the defendant and apparently after the death of Minnie Lee, at which time her common ownership of parcels 77, 76 and 8 merged into the various surviving joint tenants, leaving Robert and Mary as sole owners of 77 and their kinsfolk and spouses as respective owners of 76 and 8.

At the close of plaintiffs' evidence, defendant moved for dismissal of plaintiffs' petition. This was granted and thus was effected a denial of the request for a *way of necessity*. Nevertheless the court found that at the time of the conveyance in 1952 from Minnie to herself and plaintiffs as joint tenants there arose a dominant and servient estate between the parties so that plaintiffs had a right to the same access to parcel 77 as used by the grantor Minnie Lee. The trial court found that there was an access roadway from West 38th Avenue used for many years and still in existence in 1959 when parcel 84 was conveyed away. This road to and from West 38th Avenue was in a north-south direction through parcel 76, hence northwesterly to the farm house in parcel 8 and from the farmhouse north-easterly across No. 8 and the north corner of parcel 84 and northerly into parcel 77. (See Figure No.1)

The court on these findings adjudged and decreed that *the portion* of the roadway, which was still visible at the time of the trial, across the corner of the defendant's land, constituted an implied easement by *pre-existing use* and that the burden thus imposed upon

## EXHIBIT A

| Tax Assessor's Tract No. | Owner |
|---|---|
| 3 | Muriel A. Burwell, Joyce & Daniel Shannon |
| 7 | Orville M. & Doris D. Lockhart |
| 8 | Ruby & John Heighton & Minnie A. Lee |
| 11 | Lee Sand & Gravel Co. |
| 15(2) | Muriel A. Burwell |
| 15(3) | Muriel A. Burwell |
| 15(4) | Muriel A. Burwell |
| 15(7) | Muriel A. Burwell |
| 41 | Muriel A. Burwell |
| 76 | Harold N. & Francis Ann & Minnie A. Lee |
| 77 | Robert H. & Mary Lee & Minnie A. Lee |
| 84 | School District R-1 Jefferson County |

Scale 1" = 200'

¼ Corner between Sections $\frac{20}{29}$ twp. 3 S., Range 69 West 6th P.M.

parcel 84 would remain. The easement *by way of necessity* was denied.

Robert and Mary assign as error the failure of the trial court to find as a matter of law that the evidence imposed upon defendant's land an easement *by way of necessity* southward through the entire parcel 84 to West 38th Avenue. They are dissatisfied with the court's resolution of their petition granting them the "limited" easement *by pre-existing use* across 84 because so far as this litigation is concerned the easement across the corner of parcel 84 has its point of origin on the property line between parcels 8 and 84, and there is no judicial decree connecting it with the road through 8 and 76.

With the defendant School District as the only defendant named by Robert and Mary, the only matter before the court was the burden imposed on parcel 84 by the severance of it from the whole. Presented to us, therefore, for resolution is the correctness of the judgment as it affects the only parties to the action, leaving undetermined the matter of the easement through other parcels.

Guidance for the rule on implied easements *by pre-existing use* in Colorado are set out in *Wagner v. Fairlamb,* 151 Colo. 481, 379 P.2d 165. See 2 G. Thompson, Real Property § 355 (repl. ed. 1961). A discussion of each of the four requirements in the light of the evidence presented will demonstrate the correctness of the trial court's decree.

### I.

First there must be *"Unity and subsequent separation of title."* There is no disagreement that the first requirement is satisfied. In fact, this element is equally a requirement to support plaintiffs' petition for an easement *by way of necessity* across the portion separated from the whole.

### II.

The second requirement is *"obvious benefit to the dominant and burden to the servient tenement existing*

*at the time of the conveyance.*" To this is sometimes added that the servitude must be continuous and self-acting as distinguished from discontinuous and used only from time to time. Thus the requirement was said to have been satisfied in *Sieger v. Riu,* 123 Conn. 343, 195 A. 735, wherein an owner sold one of two parcels in which he divided his tract, not specifically reserving in his deed a right of way over a private road. The court decreed an implied easement therein for the benefit of the remaining parcel where the existence of the easement was necessary for the enjoyment of the remaining parcel and the roadway was an important landmark on the ground and used by everyone before, as well as after, the division of the tract into two parcels.

Plaintiffs claim the testimony was too meager to satisfy this requirement. However, we find from the record that the evidence bearing on this issue was the testimony of plaintiff Robert. When asked what access he had to parcel 77 at the time of the sale of parcel 84 to the defendant, Robert answered: "There was the road that is there now * * *." He then proceeded to draw on a map the access roadway described above and to which the trial court referred in its findings (see Figure No. 1). For years whatever ingress and egress Minnie, and later Robert and Mary, had to parcel 77 was over this road. This continued to be true in the four years after the severance of No. 84 from No. 77. There was no evidence to the contrary although there was other testimony that there was additional access to No. 77 from Youngfield Street on the west through parcel 8. Robert and Mary contend that this access was only by license and not by right.

### III.

A third element set forth in *Wagner, supra,* is: *"use of the premises by the common owner in their altered condition long enough before the conveyance to show that the change was intended to be permanent."* In arguing that this requirement is not satisfied, plaintiff

Robert asserts that at the time of the sale of parcel 84 to the School District he was not actively participating in the management of his parcel. The land was used for "cattle and corn and hay and alfalfa" along with the remaining parcels held by Minnie in joint tenancy with the others in parcels 76 and 8. Plaintiffs argue that the "obvious" conclusion is that so far as they were concerned they made no use of their land between the time they became owners by joint tenancy with Minnie and the severance of parcel 84 "so they would not have used the road for many years prior to the sale" and, they contend, the evidence shows only a "terminated intermittent use of a farm land."

They argue, additionally that in *Wagner, supra,* this court reversed the trial court's findings of an implied easement by *pre-existing use* because there was in the record evidence of "terminated intermittent rather than permanent use." Evidence in the case at bar is not similar to that shown in the *Wagner* case as far as use is concerned. In the *Wagner* case the roadway over which the easement by *pre-existing use* was claimed was a "mule pack or wagon trail," which had become "invisible through disuse and by the growth of bushes and other foliage." In the case at bar the roadway was not invisible through disuse, but at the time of the trial was still in existence and apparently plainly visible, just as it was at the time of the conveyance to the defendant. The fact that Robert himself wasn't active in the management of the property does not negate the road's existence for whoever sought ingress and egress through No. 84 to parcel No. 77. Nowhere in the record is there evidence of intermittent or terminated use of the roadway at the time of the conveyance to the defendant. We hold the record is sufficient to support the trial court's findings of its permanency.

IV.

The fourth requirement also enumerated in *Wagner, supra,* is "necessity for the easement." As this

is also a prerequisite for the petition for the easement *by way of necessity* sought by plaintiffs, Mary and Robert appear to contradict themselves in urging that this element is not present herein. In other words, they are in the position of arguing that there is no evidence supporting a necessity for an implied easement *by pre-existing use* over a roadway visible and in existence, but that there is evidence to compel a decree for an implied easement *by way of necessity* to enable them to construct a 30 foot wide street across the school grounds where no ingress or egress has ever existed. We .hold that the roadway described by Robert as being in existence and which was the means used to gain ingress and egress to parcel 77 was the very condition that prevented No. 77 from being landlocked for four years after the severance of 84 from the whole. The necessity for the use of the farm road then appears to be clearly established.

To sum up, the easement by *pre-existing use* imposed on defendant's land at the southeast corner thereof where the roadway traverses it and the denial of a way of necessity were not erroneous.

The judgment is affirmed.

MR. CHIEF JUSTICE MOORE, MR. JUSTICE MCWILLIAMS and MR. JUSTICE KELLEY concur.