Miriam J. BROMLEY, Rick Bucey, and Sherry Bucey, Plaintiffs–Appellees,

v.

LAMBERT AND SON, INC., a Colorado corporation, Defendant–Appellant.

No. 85CA0950.

Colorado Court of Appeals, Div. II.

Feb. 25, 1988.

Berger & Rothstein, P.C., David Berger, Lincoln W. Anderson, Commerce City, for plaintiffs-appellees.

Daniel, McCain & Brown, Edward A. Brown, Margaret R. Brubaker, Brighton, for defendant-appellant.

BABCOCK, Judge.

In this action for injunctive relief, defendant, Lambert and Son, Inc., appeals a judgment for plaintiffs finding an easement by pre-existing use across defendant's land. We affirm.

The subject of this case is an existing dirt roadway running from plaintiffs' property across the northwest corner of defendant's property and feeding into a public street. Both parcels of land were once owned by the same party. In 1968, the parcels were severed. At that time, the only access to what is today plaintiff's land was an existing dirt roadway. Subsequently, however, a public street was constructed providing access to the southeast corner of plaintiffs' property.

Plaintiffs brought this action seeking a permanent injunction preventing defendant from interfering with their use of the dirt roadway. The trial court concluded that plaintiffs did not have an easement by way of necessity. However, because at the time of severance the roadway was necessary for access to plaintiffs' land, the trial court determined they have an implied easement by pre-existing use across defendants' property.

Defendant contends that the trial court erred in limiting its analysis of the necessity requirement of pre-existing use easements to the time of severance rather than the time of trial. Defendant asserts that construction of the public street to the southeast corner of plaintiffs' property extinguished their easement. We disagree.

Colorado recognizes implied easements that arise by pre-existing use. *Brown v. McDavid*, 676 P.2d 714 (Colo.App.1983). A showing of necessity is required to establish an easement by pre-existing use. *Lee v. School District No. R–1*, 164 Colo. 326, 435 P.2d 232 (1967).

Proof of necessity is required as of the time of the severance of the original property into separate estates, because it is an indication of the intent of the original grantor and grantee that a permanent servitude be imposed on the servient estate in favor of the dominant estate. *See Lee v. School District No. R–1, supra; Burdess v. United States*, 553 F.Supp. 646 (E.D. Ark.1982); *Thompson v. Schuh*, 286 Or. 201, 593 P.2d 1138 (1979); *Rinderer v. Keeven*, 90 Ill.App.3d 34, 45 Ill.Dec. 433, 412 N.E.2d 1015 (1980); *Story v. Hefner*, 540 P.2d 562 (Okl.1975). ("An easement by implication is a true easement having permanence of duration and should be distinguished from a 'way of necessity' which lasts only as long as the necessity continues.") *See also* 2 G. Thompson, *Thompson on Real Property* § 353 at 311 (1980) ("Where the word 'necessary' appears in the cases it has been used in the sense merely, it would seem, of 'necessary for the use of the tenement in the state it is in when severed.' ").

Here, it is undisputed that at the time of the severance of the original property into two parcels, the dirt roadway was the only method of reaching a public highway. Therefore, the easement arose from use necessity, and the implied intent of the grantor and grantee at the time of the conveyance. Hence, it became permanent at that time.

Judgment affirmed.

SMITH and PLANK, JJ., concur.