[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO STRIKE FROM JURY DOCKET
On February 4, 1992, the plaintiff, Bank of Boston Connecticut, filed a one count complaint against the defendant, Dennis Rusconi, to collect payment on a note that is in default. On November 3, 1992, the defendant filed an answer, two special defenses alleging unconscionability and a violation of the Connecticut Unfair Trade Practices Act [CUTPA], and two counterclaims alleging a breach of the implied covenant of good faith and fair dealing and a CT Page 8877 violation of CUTPA.
The plaintiff accelerated the note and demanded payment in full. In December 1990, the parties entered into a forbearance agreement on the note which required the defendant to provide security and make monthly payments, and required the plaintiff to forebear from collection on the note until October 1, 1991. The agreement also contained a jury waiver provision.
On November 13, 1992, the defendant filed a claim to the jury trial list. On December 2, 1992, the plaintiff filed a motion to strike from the jury docket on the ground that the forbearance agreement that the defendant signed contains an express jury trial waiver. Along with its motion to strike from the jury docket, the plaintiff filed a memorandum of law and a copy of the parties' forbearance agreement. On December 10, 1992, the defendant filed a memorandum in opposition to the motion to strike from the jury docket.
In the present case, the jury waiver provision at issue is contained in a letter sent to the plaintiff by the defendant confirming their arrangement regarding a forbearance agreement. Section III, paragraph 12 of that letter states in bold, capital case letters:
 The borrower hereby waives trial by jury in any court and in any suit, action or proceeding on any matter arising in connection with or in any way related to the financing transactions of which this agreement or the loan documents are a part and/or the enforcement of any of the bank's rights and remedies, including without limitation, tort claims. The borrower acknowledges that he makes this waiver knowingly, voluntarily and only after extensive consideration of the ramifications of this waiver with his attorneys.
In its memorandum in support of its motion to strike from the jury docket, the plaintiff argues that the defendant knowingly and voluntarily waived his right to a jury trial as part of an exchange for forbearance on his loan. In his memorandum in opposition, the defendant argues that he did not voluntarily relinquish his jury rights. The defendant further argues that even if the court finds that the waiver is a valid CT Page 8878 one, it is not applicable in this action because he has alleged in his special defenses and counterclaims that there was fraud in the inducement and misrepresentation by the plaintiff with regard to the execution of the forbearance agreement.
The Connecticut Supreme Court has held that
 the right to a jury trial is a right which, like other rights, may be waived but . . . it is a right the waiver of which is not to be inferred without reasonably clear evidence of intent to waive . . . . Whether a party has waived his right to a jury trial presents a question of fact for the trial court.
(Citations omitted.) Krupa v. Farmington River Power,147 Conn. 153, 156, 157 A.2d 914, cert. denied, 346 U.S. 506,81 S.Ct. 281, 5 L.Ed.2d 258 (1960). "[A] binding agreement for [a jury] waiver made in advance of the institution of . . . an action does not violate public policy; and there is no reason why such an agreement should not be given effect." Nowey v.Kravitz, 133 Conn. 394, 396, 51 A.2d 495 (1947). Nevertheless, "`jury waiver provisions may . . . be held invalid where the instrument in which [they are] contained is held invalid in toto.'" Peabody International v. CoordinationTechnology, Inc., Superior Court, judicial district of Stamford/Norwalk at Stamford, Docket No. 10 34 18 (May 18, 1992, Nigro, J.), quoting Annot., Validity and Effect of Contractual Waiver of Trial by Jury, 73 A.L.R.2d 1332, 1336 (1960).
In his memorandum in opposition, the defendant claims that he was under duress when he executed the subject forbearance agreement. He claims that he was required to provide collateral (security) and execute the forbearance agreement, which contained the jury waiver provision, or face a collection action by the plaintiff on the note. The defendant claims that the plaintiff impliedly promised that the forbearance agreement would be extended as long as he made his payments in a timely manner. The defendant argues that he complied with the forbearance agreement, and that when it expired, the plaintiff failed to extend it in a move to further "squeeze" the defendant. CT Page 8879
The waiver, itself, is in bold, capitalized text and is contained in a document authored by the defendant. The defendant has made no claim that he was not aware of the presence and effect of the jury waiver provision contained in the forbearance agreement. Rather, the defendant claims that his waiver was not voluntary, based upon the duress he was under and the plaintiff's fraudulent inducement and misrepresentations.
The question of whether the defendant has waived his right to a jury trial presents a question of fact for the trial court. Krupa v. Farmington River power Co., supra,147 Conn. 153, 156. "[T]he inference of intent to waive must be based upon reasonably clear evidence." Advest Credit Corp. v.Pellicci's, Inc., Superior Court, judicial district of Stamford/Norwalk at Stamford, Docket No. 09 39 00 (April 4, 1991, Mottolese, J.). "`The party claiming waiver has the burden of proving the claim.'" Connecticut National Bank v.Swanney Toyota, 8 CSCR 692 (June 9, 1993, Sullivan, J.), quoting Cleary v. Zoning Board, 153 Conn. 513, 518,218 A.2d 523 (1966). No reasonably clear evidence exists in the file upon which a determination of the intent of the defendant in this case can be made. The court finds that an evidentiary hearing on this issue will be necessary. The parties are instructed to claim the matter for an evidentiary hearing.
Mary R. Hennessey, Judge