HENRY J. POTTER *vs.* THE CITY OF NEW HAVEN.

The action of ejectment will not lie for a mere trespass to land.

Nor for a dispossession where not continued down to the time of bringing suit.

If the plaintiff is held out of possession when the suit is brought, but regains
possession before judgment, he may still have judgment for nominal damages
and costs.

EJECTMENT, brought to the Superior Court in New Haven
county, and tried on the general issue closed to the court,
before *Phelps, J.*

The declaration alleged that the plaintiff on the 1st day
of May, 1863, was seized and possessed, of his own right in fee,
of the land described, and that on that day the defendants
entered and ejected him therefrom and had ever since held
him out of possession, and claimed the sum of ten dollars
damages and the possession of the premises. On the trial the
plaintiff offered evidence to prove, and claimed that he had
proved, that on the day mentioned he was the owner in fee of
the premises described, and entitled to the possession thereof,

and that on that day the defendants entered upon the premises, and removed certain dressed stone belonging to the plaintiff, which had been placed thereon by him, and claimed that he was entitled to recover of the defendants nominal damages and costs for the entry and the removal of the stone.

The court held, that the plaintiff could not recover for the trespass in the present action and rendered judgment for the defendants. The plaintiff thereupon moved for a new trial.

*L. H. Bristol*, in support of the motion.

*C. R. Ingersoll*, contra.

Butler, J. We are all satisfied that the judgment below was right. The plaintiff brought his action of disseizin, alleging that he was the owner of a tract of land, that the defendants entered upon it and ejected him therefrom, and thereafter deforced and continued to deforce and hold him out of the premises, to his damage the sum of $10, and demanding the surrender of the possession together with the damages and costs.

The declaration is in the common form in use in this state in the action of disseizin. On the trial the plaintiff did not prove any ouster or dispossession, but simply that the defendants entered upon the land, upon a single occasion, and removed certain dressed stone of the plaintiff, which had been placed thereon by him; and claimed that he had a right in this action to recover nominal damages and costs, notwithstanding the act proved was a mere trespass. The court overruled the claim and rendered judgment for the defendants, and the plaintiff moves for a new trial. The motion does not show expressly that the stone were removed unlawfully or wrongfully or without justifiable excuse; and as it is the motion of the plaintiff, and does not show a wrongful or unlawful or inexcusable removal of the stone, or preclude the idea that the defendants had merely removed

stone from a highway the fee of which was in the plaintiff, we should be justified in refusing a new trial on that ground.

But passing that objection, and assuming that the removal was wrongful, we think the court was clearly right. Our action of disseizin, or of ejectment as it is generally termed, has existed as a distinct action from an early period after the settlement of the state. It is in its nature applicable, and has uniformly been applied, to cases where the owner of land has been ousted and dispossessed and continued deforced up to the time when the action was commenced, and there has been no decision or practice to justify the claims of the plaintiff.

To the first claim of the plaintiff, that a party may recover nominal damages and costs in an action of disseizin without proving that the dispossession has been continued up to the time of trial, we assent, but that cannot help him. He did not prove an ouster and a continued dispossession up to the time when the action was commenced, nor in fact any ouster or deforcement at all. His case therefore is not the case he assumes it to be in his brief. It is not a case where the court. decided against him on the ground that he failed to prove that the defendants were still in possession *at the time of trial*, but one where the court rested their decision on the ground that there had been no *dispossession* of the plaintiff *at any time.*

To the second claim of the plaintiff, that he has a right to recover damages *for the trespass* in this form of action, in a case where there never was any ouster or deforcement, we cannot assent. There are no averments in the declaration adapted to it, and there is no precedent or practice for it in this state, and it is not consistent with principle or public policy. Our action of ejectment was adopted and has been uniformly used for the recovery of land of which the plaintiff has been *entirely dispossessed.* We have at the same time a distinct action of trespass to recover damages for an *injury* to the possession where the plaintiff *has not been dispossessed.* Principle and sound policy require that these actions should be kept distinct and separate, as they have hitherto been ; there is a clear landmark between them which should not be

broken down by permitting a plaintiff in ejectment, if he fails to prove an ouster, to prove a mere trespass however trifling and recover. We are not prepared to establish such a precedent and a new trial is not advised.

In this opinion the other judges concurred.