JAMES A. CAHILL ET AL. *vs.* MARY CAHILL ET AL.

Third Judicial District, New Haven, January Term, 1904.
TORRANCE, C. J., BALDWIN, HAMERSLEY, HALL and PRENTICE, Js.

It is an established principle that two suits are not to be brought for the determination of matters in controversy between the same parties, whether relating to legal or equitable rights, or to both, when such determination can be had as effectually and properly in one suit.

General Statutes, § 4053, provides that any person claiming title to, or any interest in real property, may bring an action against those claiming adversely, in order to clear up all doubts and disputes and to quiet and settle the title to said property. *Held* that whether one dispossessed could, under any circumstances, maintain an action under this statute for the purpose of having his title determined as against his disseisors, he certainly could not do so while another suit in the nature of an action of ejectment, brought by him against the same defendants, to try the title to the same land, was pending in the same jurisdiction. Under such circumstances the pendency of the first action is a ground for the abatement of the second.

Having expressly alleged that certain persons, in whom rested the apparent record title, claimed no right or interest in the premises, the plaintiffs afterwards moved that they might be cited in as codefendants. *Held* that the trial court acted properly in denying the motion.

Argued January 26th—decided March 3d, 1904.

ACTION to determine the title to certain real estate, brought to the Superior Court in New Haven County where the defendants filed a plea in abatement alleging the pen-

dency of another suit between the same parties for the same cause of action ; the court (*Shumway, J.*) sustained the plea and dismissed the action, and the plaintiffs appealed. *No error.*

*Verrenice Munger*, for the appellants (plaintiffs).

*William L. Bennett* and *Frederick W. Holden*, for the appellees (defendants).

HALL, J.  The principal question in this case is whether the trial court erred in sustaining the defendants' plea in abatement alleging that " at the commencement of this action there was and now is another action pending in the Superior Court for New Haven County between the same parties as the parties to this action, and for the same cause as is set forth in said complaint in this action."

The plaintiffs demurred to this plea, upon the ground that it did not allege that the pending case was for the same cause, and for the same relief as the present action.  Before the demurrer was decided, it was stipulated that all questions that might arise in consequence of the plea in abatement, might be raised and decided at the same time by the court, upon the demurrer to the plea in abatement, and that the record in the first action might be used by the court for the purpose of deciding whether the present action should abate by reason of the pendency of said first suit.

The trial court overruled the demurrer and found the allegations of the plea in abatement proved and true.

The records of both cases are before us for the purposes of this appeal.

The parties in both actions are the same, the plaintiffs being the two sons of Richard Cahill, who died testate in June, 1901, and of Julia Cahill, his first wife, who died intestate in 1885, and the two defendants being the second wife and widow of Richard Cahill, and the administrator of Richard Cahill.  The same land is described in each complaint, and both actions are returnable to the same court:

the first in January, 1902, and the second, the present action, in September, 1903.

The complaint in the first action—which has been before this court, 75 Conn. 522—follows the *Form* 115 of the Practice Book, entitled "Ejectment, and for mesne profits," and alleges that on the 2d of July, 1901, the plaintiffs owned and possessed a lot of land (describing it) ; that the defendants on said day wrongfully entered on said land and dispossessed the plaintiffs, and still keep them out of possession, depriving them of the rents and profits; and that the rents and profits amount to $150 a year. Judgment for the possession of said premises and $600 damages is claimed. The only answer filed is a general denial.

In the present action it is alleged that in 1893 the corporation of Wallace and Sons, which had long before that date acquired title to the land in question, became insolvent, and that in March, 1894, all the real estate the record title to which stood in the name of Wallace and Sons, including the land in question, was by certain transfers and certain orders of court conveyed to Robert M. Thompson, Henry E. Jacobs and Robert T. Paine, as trustees for the creditors of Wallace and Sons ; that afterwards said Thompson, Jacobs and Paine, under various orders of court, sold said land to divers persons, but did not sell the land in question, and that " the apparent and record legal title now appears to be in them as such trustees ;" that the corporation of Wallace and Sons has been dissolved and said trustees discharged, and that neither said Wallace and Sons or any one claiming under them, nor said trustees or any one claiming under or from them, have, or claim to have, any right, title or interest of any kind whatsoever in or to the premises in question.

The complaint further alleges that Julia Cahill, the first wife of Richard Cahill and mother of the plaintiffs, entered into possession of said land in question in 1869, and continued in possession thereof until her death in 1885, at which date she was the lawful owner thereof ; that the plaintiffs, as her heirs, now claim to be the owners of said land, and that the defendants claim to own it, or to have some interest in it,

through Richard Cahill ; and that no other persons than the plaintiffs and defendants claim any right, title or interest of any kind in said premises.

The plaintiffs claim in this second action : (1) that the defendants shall state the nature and extent of the estate or interest which they claim, and the sources through which they claim such estate or interest, in said premises ; (2) an adjudication of the claims as between the plaintiffs and defendants, and the determination of their several rights ; (3) an adjudication quieting and settling the title to said property, and that the title shall be adjudged to be vested in the plaintiffs.

As to the title of the plaintiffs and the fact that they are not in possession but have been dispossessed by the defendants, no allegations are made by the plaintiffs in the second action different from those which they made and still make in the first, nor is it suggested, as a reason for bringing the second suit, that there has been any change in possession since the first suit was brought.

The controversy is one between the plaintiffs and the defendants only, and is concerning the title to the described lot; the plaintiffs claiming that it was owned by their mother Julia Cahill and now belongs to them, as her heirs, and the defendants, who are in possession, claiming that it belonged to Richard Cahill and that they derived title under his will. The only purpose of the first action was to settle this question of disputed title, and that action was the proper one by which to have that question adjudicated. It was in the form of our common-law action of ejectment or disseisin, which was the only remedy at law for settling the title to real estate. The plaintiffs cannot recover in the first suit upon proof of a mere trespass, but must establish a legal title and that they were dispossessed. *Cahill* v. *Cahill*, 75 Conn. 522, 523. A judgment in the first action for possession of the premises must necessarily be an adjudication that the plaintiffs are the owners and that they are dispossessed at the time of the trial. *Potter* v. *New Haven*, 35 Conn. 520, 522.

The second action is claimed to be authorized by § 4053 of the General Statutes, which provides that " an action may be brought by any person claiming title to, or any interest in, real property, against any person or persons who claim to own the same, . . . or to have any interest in the same, or any lien or incumbrance thereon, adverse to the plaintiff, for the purpose of determining such adverse estate, interest, or claim, and to clear up all doubts and disputes, and to quiet and settle the title to the same. The complaint in such action shall describe the property in question and state the plaintiff's claim, interest, or title, and shall name the person or persons who claim such adverse estate or interest." Each defendant is required to state in his answer whether or not he claims any interest in the property, and if so, the nature and extent of it, and the source through which it is claimed to be derived, and the court is to " hear the several claims and determine the rights of the parties," and may construe instruments which are the sources of title, " and render judgment determining the questions and disputes, and quieting and settling the title to said property."

Whether under this statute an action can be maintained by alleged owners of land who are not in possession, for the purpose of having their title determined as against those only who are holding adversely to them, is perhaps not the real question before us in the present case. The inquiry here is, rather, can such an action be maintained under the statute while another suit in the form of the ordinary action of ejectment to obtain possession of the same property is also pending in the same court and between the same parties ?

The plaintiffs say that the second action is a proceeding in equity. But a bill in equity is not a proper remedy for the alleged owner of the legal title to land to obtain an adjudication of his title against one by whom he has been ousted of possession. *Miles* v. *Strong*, 62 Conn. 95, 105. A bill in equity to quiet title, or to remove a cloud from the title, is generally not maintainable by one having a legal title but who has been ousted of possession; *Munson* v. *Munson*, 28

Cahill *v.* Cahill.

Conn. 582, 586; and such seems to be the rule in most of the States, in actions under statutes to quiet title or remove a cloud from the title.   17 Ency. of Pl. & Pr. 306.   One reason for the rule is, that if the defendant is in possession the plaintiff has adequate remedy by the ordinary actions at law of ejectment and trespass.

If actions brought under such statutes, for the purpose of putting an end to litigation by settling, in one suit, controversies and disputes between several different persons concerning the title to land, are exceptions to the rule requiring possession in the plaintiff, the present action does not come within such exception, since it is alleged in the second action that there are no claimants to the land excepting those persons who are parties to the ejectment suit.   No other persons than claimants could properly have been made defendants in the second action, since the statute permits the action to be brought only against persons who "claim" title to or an interest in the land.   If no one claims under the alleged, apparent record title in the trustees, Thompson, Jacobs and Paine, an action under the statute, which provides for an action only against those persons claiming title or an interest in the land, is not a proper remedy to remove such cloud from the plaintiffs' title.   If, under said record title in the trustees, the defendants claim any right or power to defeat the plaintiffs' title or keep the plaintiffs out of possession, such right or power, like any other claimed title or right by which the defendants may seek to defeat the plaintiffs' title or keep them out of possession, can be as well adjudicated in the first action as in the second.

"The pendency of a prior suit of the same character, between the same parties, brought to obtain the same end or object, is, at the common law, good cause of abatement.   It is so, because there cannot be any reason or *necessity* for bringing the second, and, therefore, it must be oppressive and vexatious."   This is "a rule of justice and equity, generally applicable, and always, where the two suits are virtually alike, and in the same jurisdiction."   *Hatch* v. *Spof-*

*ford*, 22 Conn. 485, 494.   " It is now an established principle in our law of civil procedure that two suits shall not be brought for the determination of matters in controversy between the same parties, whether relating to legal or equitable rights, or to both, when such determination can be had as effectually and properly in one suit.   In the interest of the State and of all parties concerned this principle should be inflexibly maintained."   *Welles* v. *Rhodes*, 59 Conn. 498, 503.

If under any circumstances one who has been dispossessed may bring an action under § 4053 for the purpose of having his title determined as against his disseisors, he cannot properly do so while another suit in the nature of an action of ejectment to try the title to the same land is pending in the same jurisdiction between the same parties.   There is no apparent necessity or reason for the bringing of the second action in the case before us.   The determination of the real controversy between the parties can be as effectually and properly had in the first suit.   The two suits are for the same cause of action.

The plea in abatement, which followed *Form* 341 of the Practice Book, was sufficient, and the second action was properly dismissed.

There was no error in denying the plaintiffs' motion to cite in the trustees, Thompson, Jacobs and Paine, as defendants in the second action.   The complaint in that action alleges that these trustees claim no right, title or interest in the premises in question.   That was a sufficient reason for denying the motion; especially in view of the language of the statute, permitting such action to be brought only against persons claiming a title or interest in the land in dispute.

There is no error.

In this opinion the other judges concurred.