## MARGARET O'BRIEN v. ROBERT BANET ET AL.

SUPERIOR COURT     FAIRFIELD COUNTY     FILE No. 80979

Memorandum filed March 2, 1950.

William E. Allen, Jr., of Bridgeport, for the Plaintiff.

Miller and Burstein, of Bridgeport, for the Defendants.

COMLEY, J. The defendant Bonded Auto Sales, Inc., pleads in abatement on the ground of the pendency of another action between the same parties for the same cause.

The plaintiff admits, and the file in No. 80979 shows, that she brought an action against the same defendants upon the same alleged debt on December 17, 1949, returnable to the first Tuesday in January, 1950. The action was returned to court and was pending when the present action was commenced on January 5, 1950, but before the present action which was returnable to the first Tuesday in February, 1950, was actually returned to court, the first action was withdrawn on January 7, 1950.

The question presented by the plea is whether the two actions were ever "pending" at the same time. The first action was certainly a "pending" action when the second was commenced on January 5, 1950, by service upon the defendants. But was the second action then "pending?"

The question does not seem to have been directly ruled upon in this state. While the cases of Porter v. Ritch, 70 Conn. 235, 260, and Huntington v. McMahon, 48 Conn. 174, 195, contain language indicating that an action is pending as soon as it is commenced, both cases involved legal proceedings radically different from the ordinary civil action. Cases from other jurisdictions are not helpful because few, if any states, have a procedure similar to ours for the service and return of civil process.

It is my conclusion that two actions are not "pending" at the same time unless both have been returned to court and are upon the docket of the court at one and the same time. In the present case there were not two "pending" actions in that sense of the word. The first action was "pending" when the second action was commenced but before the second action became a "pending" action, the first had been withdrawn.

The plea in abatement is, therefore, overruled.