HENRY M. ZACHS *v.* PUBLIC UTILITIES COMMISSION
ET AL.

HOUSE, C. J., COTTER, LOISELLE, LONGO and MACDONALD, JS.

Argued April 15—decision released August 10, 1976

*Joseph S. Rachlin,* with whom was *Joseph Sudarsky,* for the appellant (plaintiff).

*Marshall R. Collins,* assistant attorney general, with whom, on the brief, was *Carl R. Ajello,* attorney general, for the appellee (named defendant).

*William J. O'Keefe,* with whom, on the brief, were *Lewis H. Ulman* and *James R. Greenfield,* for the appellee (defendant Southern New England Telephone Company).

MacDonald, J. This is an appeal by the plaintiff, Henry M. Zachs, from a judgment rendered by the Court of Common Pleas dismissing his appeal from an order of the defendant public utilities commission which approved an application by the defendant Southern New England Telephone Company for a higher rate schedule. Dismissal of the appeal followed the sustaining by the court of pleas in abatement filed by the defendants on the ground that a prior action was pending. No finding was requested or draft finding filed, but the facts necessary for a consideration of the issues raised are uncontroverted as summarized in the briefs.

By letter and application dated January 13, 1975, the defendant Southern New England Telephone Company, hereinafter referred to as SNETCO, requested authority of the public utilities commission (now reconstituted as the public utilities control authority—see 1975 Public Acts, No. 75-486), hereinafter referred to as the commission, to increase its rates and charges for telephone service. The commission gave this application docket number 11671 and thereafter conducted thereon twenty-two days of hearings between March 31, 1975, and May 14, 1975, having previously granted intervenor status and leave to appeal, pursuant to §§ 16-1-19 and 16-1-21 of the Regulations of Connecticut State Agencies, to the plaintiff Zachs, a competitor of

SNETCO in the field of furnishing to the general public mobile telephone service in automobiles and a radio paging service. On June 12, 1975, the commission filed its decision in docket number 11671 denying SNETCO's proposed amended schedule of rates and directing it to file an amended schedule in conformance with the decision, designed to produce additional revenue of approximately $48,829,000. This decision of June 12, 1975, did not find necessary or justified any increase in SNETCO's mobile telephone or radio paging rates.

On June 24, 1975, SNETCO filed an amended rate schedule in conformity with the order contained in the docket number 11671 decision of June 12, 1975, and thereafter, on June 30, 1975, the commission issued its supplemental decision under the same docket number, approving SNETCO's amended rate schedule, as filed, and authorizing application of the schedule on and after July 5, 1975. By writ, summons and complaint dated June 30, 1975, the plaintiff appealed the commission's original docket number 11671 decision to the Court of Common Pleas. In that appeal, which was given court docket number 118515, both SNETCO and the commission filed pleas in abatement alleging that the commission had not been summoned and that thirty-nine other intervenors, who had been given the same status as the plaintiff, had not been made parties and summoned to appear. These pleas in abatement were overruled by the court on September 29, 1975.

In the meantime, on July 30, 1975, by writ, summons and complaint dated July 29, 1975, the plaintiff filed a second appeal to the Court of Common Pleas which he described as being "an appeal from

the supplemental decision of the PUC dated June 30, 1975," and in which he directed the serving officer to summon the commission and the other thirty-nine intervenors in the proceedings designated as commission docket number 11671. In this appeal, which was given court docket number 119947, both SNETCO and the commission filed pleas in abatement alleging that the appeal should be abated because a prior action was pending before the court which involved virtually identical parties, allegations of aggrievement and prayers for relief. The two pleas in abatement were sustained on October 7, 1975, and it is from the judgment rendered thereon dismissing the second appeal, filed July 30, 1975, that the plaintiff has appealed to this court.

Since no finding was made by the court, our inquiry is limited to the material facts which appear on the record. "The court made no finding, although, ordinarily, one is essential to test the conclusion reached. Practice Book § 609 [now § 612B]. . . . The plaintiff did not file either a request for a finding or a draft finding. Consequently, no finding was made. The absence of a finding does not necessarily preclude action by this court. We are, however, limited in our inquiry to the material facts which appear on the record." *Robertson* v. *Robertson,* 164 Conn. 140, 142, 318 A.2d 106. The record here consists only of the pleadings, one exhibit, the judgment and a memorandum of decision sustaining the defendants' pleas in abatement. The court's memorandum "does not establish facts and cannot take the place of a finding. . . . We may, however, consult the memorandum for a better understanding of the basis of the court's decision." *Davenport Taxi, Inc.* v. *State Labor Commissioner,*

164 Conn. 233, 235, 319 A.2d 386. The basis for its decision, as briefly stated in the trial court's memorandum, is simply that "[t]he two appeals in the allegations of aggrievement as contained within the appellant's two complaints are identical and therefore this action must be abated for lack of jurisdiction."

The record discloses that one fact was admitted in the pleadings, namely, the statement in SNETCO's plea in abatement that "[t]he plaintiff has already filed a similar appeal on June 30, 1975, in this Hartford Court of Common Pleas. See Docket #118515, returnable 3d Tuesday of July, 1975." The plaintiff's answer specifically admits this statement. The fact that the judgment found the issues raised by the pleas in abatement for the defendants "means that all material and disputed allegations in the pleadings were found for . . . [them]," *Tuite* v. *Tuite*, 150 Conn. 345, 348, 189 A.2d 394, including their allegations that "[a] prior action between the same parties, involving the same issues, is pending"; and that "there is now a prior action pending, in this Court, between the same parties concerning the same subject matter." Since the trial court, by its decision, found these facts for the defendants, our inquiry is limited to a determination of whether the trial court correctly applied the law relative to the pleas in abatement to the above found facts.

" 'The pendency of a prior suit of the same character, between the same parties, brought to obtain the same end or object, is, at common law, good cause for abatement. It is so, because there cannot be any reason or necessity for bringing the second, and, therefore, it must be oppressive and vexa-

tious.' This is 'a rule of justice and equity, generally applicable, and always, where the two suits are virtually alike, and in the same jurisdiction.' *Hatch* v. *Spofford,* 22 Conn. 485, 494; *Cahill* v. *Cahill,* 76 Conn. 542, 547, 57 Atl. 284." *Dettenborn* v. *Hartford-National Bank and Trust Co.,* 121 Conn. 388, 392, 185 A. 82.

The plaintiff's prior appeal, Court of Common Pleas docket number 118515, and the action which is the subject of this appeal, Court of Common Pleas docket number 119947, both involve the plaintiff and SNETCO. Contrary to the contention of the plaintiff, the commission and the other thirty-nine intervenors also were involved in the prior action, court docket number 118515, as well as in the action presently under consideration. That those who intervened in the prior action were named as additional defendants in the later action has no significance. "It is not material that there are additional parties defendant in the second action, since a judgment against the . . . [common defendants] in the first suit would be predicated upon the same facts as are relied upon in the second suit; that is, the ground of liability alleged against the . . . [common defendants] in the first suit is the same as that alleged against . . . [them] in the second suit." *Cole* v. *Associated Construction Co.,* 141 Conn. 49, 55, 103 A.2d 529. Here the liability of SNETCO and the commission, defendants in both actions, is identical in the two actions and, therefore, abatement for pendency of a prior action would remain proper despite the presence of additional defendants in the second action.

A comparison of the complaints filed by the plaintiff in the two actions clearly indicates that

the subject-matter of both involves the commission's extensive finding and order of June 12, 1975, the substance of the plaintiff's alleged aggrievement being that the June 12 order failed to direct SNETCO to increase its rates for mobile and radio paging communication services which compete with the plaintiff's communications services. The second action did not involve, as claimed by the plaintiff, the supplemental decision of June 30, 1975, which merely stated, in substance, that SNETCO had filed rates and charges in compliance with the June 12 order and that the approved rate schedule could not be implemented earlier than July 5, 1975.

The plaintiff argues that the rights of the parties in the second action could not be fully adjudged in the prior action because the prayers for relief are not identical, all prayers for relief contained in the complaint before us, however, could have been asserted in the prior action still pending before the trial court, and the failure of a party to claim in a prior action relief which could have been asserted is insufficient reason to refuse to sustain a plea in abatement. *Cohen* v. *Davis,* 152 Conn. 639, 641, 211 A.2d 152.

It would appear that the plaintiff's underlying reason for bringing the second appeal is that his prior appeal may prove to be defective by reason of a claimed improper citation and failure of service of process. In the case of *Quinebaug Bank* v. *Tarbox,* 20 Conn. 510, where there was an admitted inability of the plaintiff to raise a question of law in a prior action, this court did refuse to abate a subsequent action, but, in the case before us, every issue could have been raised in the pending prior action, and the plaintiff thereby could have avoided all claimed defects in service of

process. His failure to do so is not sufficient reason to allow a subsequent action against the same defendants. As this court stated over 125 years ago in *Quinebaug Bank* v. *Tarbox, supra,* 515: "The general principle is well settled, that the pendency of a prior suit between the same parties, for the same thing, will abate a latter suit; because, in such a case, the last is deemed to be unnecessary, and therefore vexatious."

The plaintiff could not have cured a defective citation and service of process by filing another appeal from the June 12, 1975, decision of the commission because his thirty-day appeal period had expired on July 12 under § 16-35 of the General Statutes.[1] Since his right of appeal is purely statutory, it is allowed only if the conditions fixed by statute are met. *Prevedini* v. *Mobil Oil Corporation,* 164 Conn. 287, 293, 320 A.2d 797. The plaintiff apparently is attempting to extend his statutory appeal period beyond July 12 to include July 30, the date of filing his second appeal, by claiming that his alleged aggrievement resulted from the supplemental order of June 30. The supplemental order, however, included only two additional findings of fact, namely, (1) that SNETCO had substantially complied with the June 12 order by filing rates and charges in accordance with that order and (2) that SNETCO's federal income tax expense should be reduced. Neither of those findings constitutes a matter of aggrievement since all of the plaintiff's claims of aggrievement in both of his actions actually relate to the commission's decision

---

[1] Section 16-35 provides in relevant part: "Any company, town, city, borough, corporation or person aggrieved by any order, authorization or decision of the commission . . . may appeal therefrom to the court of common pleas within thirty days after the filing of such order, authorization or decision."

of June 12 finding SNETCO's existing rate for mobile telephone and paging service to be just, reasonable and adequate.

There is no error.

In this opinion the other judges concurred.