JOAN FISHER *v.* LEONARD FISHER
(2961)

DUPONT, C.P.J., BORDEN and SPALLONE, Js.

Argued March 12—decision released May 21, 1985

*Lucia B. Brooks,* with whom, on the brief, was *Jerry Davidoff,* for the appellant (plaintiff).

*Michael A. Meyers,* with whom was *George J. Markley,* for the appellee (defendant).

BORDEN, J. In this marital dissolution case, the plaintiff appeals from certain financial orders incidental to the judgment of the trial court, *Hon. William L. Tierney,* state trial referee, claiming that it erred in assigning the marital home to the defendant and in ordering the plaintiff to pay certain of the defendant's counsel fees to defend the appeal. We find error only with respect to the claim concerning counsel fees.

The court found the following facts: The parties were married for twenty-two years. It was the plaintiff's second and the defendant's third marriage. There are no children of the marriage.

The plaintiff, who is fifty-four years old and in good health, had two years of college education, but has no specialized training and worked only intermittently during the marriage. She has a trust fund valued at $419,000, which provides her with a good income. This trust was funded by her parents. Her brother formerly controlled the trust, until he was removed from control.[1] The defendant, who is sixty-four years of age, has inoperable heart disease, bladder infection, bronchial asthma, and can only do a limited amount of work. During the marriage, he worked only sporadically. Some of his jobs produced a good income for short

---

[1] Although the court did not formally find it as a fact, it is undisputed that the plaintiff is now, as a result of her brother's removal, co-trustee of the trust, with a bank as the other co-trustee.

periods; most did not. Nonetheless, the parties traveled frequently, at the defendant's expense, using money which he accumulated from his business enterprises.

The marital home, now valued at $475,000, has an equity, after deduction of the two mortgages on it, of $339,000. It was purchased in 1977 for $160,000; $60,000 of this amount was supplied by the defendant, the balance by a mortgage on which both parties are obligated. The plaintiff did not contribute financially to the purchase. The property initially was placed in both names, and was later transferred to the plaintiff's sole name in order to avoid the defendant's creditors. The defendant made about $80,000 of improvements to the home.

The defendant sought an interest in the income of the trust, claiming to be largely responsible for the removal of the plaintiff's brother from its control. The court rejected this claim as without merit, and found that he has no interest in the trust fund.

On January 4, 1984, the court rendered its judgment. It awarded the home to the defendant subject to the mortgages, finding that this was the only asset left to him after the twenty-two years of the marriage. It also made several other financial orders, the propriety of which are not involved in this appeal.

After the plaintiff appealed, the defendant moved for, inter alia, counsel fees to defend the appeal. On February 7, 1984, the court granted the defendant's motion and ordered the plaintiff to pay the defendant $2500 in counsel fees to defend the appeal. The plaintiff took no timely action to amend her appeal or preliminary statement of issues to include that order. See Practice Book § 3062. On May 3, 1984, the defendant filed a motion for additional counsel fees to defend the appeal. On June 7, 1984, the court granted that motion and

ordered the plaintiff to pay the defendant an additional $500 in counsel fees to defend the appeal. The plaintiff thereupon amended her appeal and preliminary statement of issues to include the issue of "[w]hether the court erred in awarding counsel fees to the defendant to defend this appeal where there was no evidence that the payor spouse had ample liquid funds."

## I

The plaintiff's attack on the award of the marital home to the defendant is two-pronged and factual. She argues that the award was based on two erroneous factual findings: That she is entitled, not only to the income of the trust,[2] but to its principal; and that the defendant made about $80,000 in improvements to the home. We disagree.

We must read the language of a trial court in the context of its entire memorandum of decision, declining to find reversible error solely because of what may be an inappropriate choice of words. *Coe-Park Donuts, Inc.* v. *Robertshaw Controls Co.*, 1 Conn. App. 84, 87–89, 468 A.2d 292 (1983). We apply this principle to the trial court's memorandum of decision in this case. We conclude that, reading its language fairly and in the context of the entire memorandum of decision, particularly as further articulated in response to the plaintiff's motion for rectification, the court did not base its award on a finding that the plaintiff had an interest in the principal of the trust. The language of the trial court, while not free from ambiguity, is fairly susceptible of a reading that the court focused, not on the availability to the plaintiff of the principal of the trust, but on her right to its full income for her life. This reading is buttressed by the court's response to the motion for rectification: "My notes indicate that . . . she is the sole benefici-

---

[2] It is undisputed that the plaintiff is the sole income beneficiary of the trust for her life.

ary of the Trust. She's entitled to the income and I believe the principal, *although, the principal isn't involved here. The question is what is coming in,* and what her future assets are. And I found, I believe, or my notes indicate, that the Trust can easily earn ten percent. Although, at the time it was earning something less than that. But that no effort had been made to increase the income to what is a very reasonable income on today's market." (Emphasis added.)

The second prong of the plaintiff's factual attack is also without merit. We have reviewed the record and are satisfied that the court's finding that the defendant made about $80,000 in improvements to the home is supported by evidence and is not clearly erroneous.

## II

The plaintiff argues that the court erred in its two awards of counsel fees to defend the appeal. We find no error in the first award, and error in the second award.

We decline to review the first award, made on February 7, 1984, because the plaintiff's claim of error with respect to it is not properly before us. The plaintiff did not amend her appeal to include a claim regarding the court's award of counsel fees on appeal until June 13, 1984, after the trial court made the second award. To challenge a postjudgment ruling, Practice Book § 3062 requires the appellant to file an amended appeal within twenty days of the notice of the ruling appealed from. "Because the [plaintiff] did not comply with the mandate of § 3062, we will not consider [her] claim concerning attorney's fees." *Brown* v. *Brown,* 190 Conn. 345, 350–51, 460 A.2d 1287 (1983). We see no reason on this record to relax this requirement.

The plaintiff's claim regarding the second award of counsel fees has merit. It was made five months after

the judgment, without an inquiry into the parties' current financial status, despite timely and adequate objection by the plaintiff on that basis. See *Anderson* v. *Anderson,* 191 Conn. 46, 59, 463 A.2d 578 (1983); *Vaiuso* v. *Vaiuso,* 2 Conn. App. 141, 151, 477 A.2d 678 (1984).

There is error in part, the judgment is set aside as to the award of counsel fees rendered on June 7, 1984, only, and the case is remanded with direction to vacate that award of counsel fees.

In this opinion the other judges concurred.