KAZIMIERA BIELEN *v.* EDWARD BIELEN
(5329)

HULL, BORDEN and DALY, Js.

Submitted on briefs September 1—decision released October 13, 1987

*William C. Bieluch, Jr.,* filed a brief for the appellant (defendant).

*Robert A. Skovgaard* filed a brief for the appellee (plaintiff).

BORDEN, J. The defendant appeals from the judgment of the trial court ordering him to pay an award of postjudgment attorney's fees and expenses. The defendant raises five claims of error, all of which we have fully considered and reject as without merit.

Four of the defendant's five claims concern either the factfinding or the discretionary function of the trial court. The defendant has failed to demonstrate that the facts found are clearly erroneous, or that the court abused its discretion.

The only claim of the defendant which warrants discussion is that the court erred by granting the plaintiff's motion for attorney's fees without taking evidence as to the financial circumstances of the parties at the time of the hearing on the motion. On the facts of this case, we disagree.

After a trial, the original judgment of dissolution was rendered on August 22, 1984. This was followed by numerous and lengthy postjudgment proceedings brought by the defendant to challenge that judgment, both in the trial court, and by way of several attempts to appeal which were ultimately dismissed.

In February, 1986, the plaintiff moved in the trial court for an award of attorney's fees and expenses incurred as a result of those postjudgment proceedings. The court heard this motion on June 24, 1986, and awarded attorney's fees and expenses to the plaintiff.

At the hearing on the motion, neither party proffered a financial affidavit or other evidence as to their financial circumstances at that time.

Ordinarily, it is error for the court, in ruling on a motion for postjudgment attorney's fees, to refuse to consider the parties' current financial positions where there was "timely and adequate objection . . . on that basis." *Fisher* v. *Fisher,* 4 Conn. App. 97, 101–102, 492 A.2d 525 (1985); *Caracansi* v. *Caracansi,* 4 Conn. App. 645, 651, 496 A.2d 225, cert. denied, 197 Conn. 805, 499 A.2d 56 (1985). Here, however, the defendant made no such objection, and made no such claim to the court. In fact, the defendant made clear, both in oral argument to the trial court and in a written brief on the matter, that "the substance of our argument is that counsel fees in this situation are discretionary with the Court, and we don't feel that they are merited at this point . . . ."

Neither party offered testimony or objected to the lack of testimony. Both parties in effect invited the court to focus solely on the merits of the plaintiff's request, without reference to their current finances. " 'If counsel has full knowledge of improper conduct (or what he perceives to be improper procedure) he cannot remain silent, hoping for a favorable ruling, and then be heard to complain when the order is unsatisfactory. See Holden & Daly, Conn. Evidence § 12.' " *Carter* v. *Carter,* 8 Conn. App. 356, 360–61, 512 A.2d 979 (1986), quoting *Walsh* v. *Walsh,* 190 Conn. 126, 132, 459 A.2d 515 (1983). Under these circumstances, we decline to review the defendant's claim.

There is no error.

In this opinion the other judges concurred.