[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM RE: DEFENDANT'S MOTION TO CITE IN ADDITIONAL PARTIES
On July 12, 1990, the plaintiffs, Anton and Johanna Kimball, filed a complaint against Peter and Mark McEachern in which they alleged, inter alia, that in 1976 the plaintiffs acquired, from Richard and Charlotte Hilton, land with a dwelling house on Tyler Lake in Goshen, Connecticut. The plaintiffs allege that the Hiltons claimed ownership via adverse possession of a 20 x 200 strip ("the strip") from the subject premises to Tyler Lake, despite the fact that said strip was designated in the deed as a "right-of-way." The plaintiffs further allege that from 1976 until the present time they have used the strip as an adjunct to their yard, maintaining continuous, notorious, and exclusive use thereof, and that no other persons have made use of the strip or challenged the plaintiffs' right to use same. The plaintiffs contend that in May, 1986, the defendants were devised land with a cottage thereon on the northerly side of the strip. In 1989, the defendants began interfering with the plaintiffs' use of the strip by trespassing, planting a vegetable garden, and mowing the lawn thereon, allegedly because the defendants needed the strip to prevent having to relocate a septic field. The defendants claimed that they would challenge the plaintiffs' right to continue to use said strip.
The plaintiffs allege that during 1989, the defendants attempted to obtain deeds from the alleged heirs of the area in question and, on October 16, 1989, caused to be recorded a quit claim deed from "the next of kin, surviving heirs, and/for distributees of the estates of Homer H. Judd, Minnie E. Judd and William E. Cushing." Thereafter, the defendants allegedly CT Page 2166 continued to interfere with the plaintiffs' use of the strip and, on May 10, 1990, sent a letter to the Plaintiffs claiming rights and interests to the strip adverse to those of the plaintiffs.
On May 29, 1991, the defendants answered the complaint, denying most of the allegations contained therein. On January 28, 1992, the defendants filed a motion to require the plaintiffs to cite in additional parties. Attached to this motion was an amended answer in which the defendants claim both fee title and a right-of-way over the strip. On February 3, 1992, the plaintiffs filed a memorandum in opposition to the motion to cite in.
A motion to cite in is directed at the discretion of the court. Lettieri v. American Savings Bank, 182 Conn. 1, 13, 437 A.2d 822 (1980). See also A. Secondino and Son, Inc. v. Loricco, 19 Conn. App. 8, 561 A.2d 142 (1989). Factors to be considered in deciding a motion to cite in include the timeliness of the application, the possibility of prejudice to the other party and whether the [cited-in party's] presence will enable the court to make a complete determination of the issues. Lettieri, supra. "The real issue in any motion for joinder is the presence of all the interested parties, either as plaintiffs or as defendants, to enable the court to make a complete determination of all the matters in controversy." Lettieri, supra. Indeed, General Statutes 52-107 states that:
 The court may determine the controversy as between the parties before it, if it can do so without prejudice to the rights of others; but, if a complete determination cannot be had without the presence of other parties, the court may direct that such other parties be brought in. If a person not a party has an interest or title which the judgment will affect, the court, on his application, shall direct him to be made a party.
General Statutes 52-107.
The defendants, in their motion to cite in, claim that the strip is for use by all owners in the Tyler Lake Heights subdivision whose deeds provide for the right to use all roads or passways shown on the maps. Consequently, the defendants contend that the plaintiffs should be required to cite in all owners of passway rights in the Tyler Lake Heights subdivision as party defendants. The plaintiffs oppose this motion, claiming that it is their right to cite in such parties if they so choose, and that such parties are not necessary for a resolution of this suit.
General Statutes 47-31(b) states, in pertinent part, that in an action to quiet title, the plaintiff:
 [M]ay join as defendants any unknown person or persons who claim or may claim rights, title, estate or interest in or lien or encumbrance on the property described in the complaint, adverse to that of the plaintiff, whether the claim or possible claim be vested or contingent. (Emphasis added).
CT Page 2167
General Statutes 47-31(b).
Connecticut's Supreme Court has often held that the word "may" is discretionary and not mandatory. See, e.g., Seals v. Hickey, 186 Conn. 337,345, 441 A.2d 604 (1982). Consequently, the decision as to whether to join other defendants initially rests with the plaintiffs. Furthermore, the purpose of General Statutes 47-31(b) is to join persons who have actually claimed title or interest in the disputed property. Cahill v. Cahill,76 Conn. 542, 57 A. 284 (1904) (discussing General Statutes 4053 (Rev. 1902), the predecessor to General Statutes 47-31). The issue before this court stems from the plaintiffs and, by their amended answer, the defendants, claiming fee simple title to the strip. Neither party is attempting to preclude unknown third parties owning property in Tyler Lake Heights from asserting rights-of-way over the strip. Thus, to grant the — motion to cite in would result in joining persons who may claim rights of way over the strip and the presence of such parties in this action is not necessary for this court to determine the issues in this case.
Because the real issue in any motion for joinder is the presence of all the interested parties, either as plaintiffs or as defendants, to enable the court to make a complete determination of all the matters in controversy, Lettieri, supra, and because this court can determine this controversy as between the parties presently before it without prejudice to the rights of others, General Statutes 52-107, the motion to cite in is denied and this court need not consider the timeliness of the motion and the possible prejudice to the plaintiffs.
PICKETT, JUDGE