[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO DISMISS
T. Paul Tremont for plaintiff.
Halloran Sage and Danaher, Tedford, Lagnese Neal for defendant.
On February 16, 1993, thirteen plaintiffs brought a thirteen count civil action against the defendant Raymond Pcolka, the Bridgeport Roman Catholic Diocesan Corporation (Diocese) and Bishop Walter Curtis. In that lawsuit the plaintiffs alleged that at various times between 1966 and 1982, when they were children, they were sexually assaulted by Pcolka while he was a priest employed by the Diocese. In various counts of their revised complaint, the plaintiffs alleged that the Diocese and Bishop Curtis were liable under the doctrine of respondiat superior and also that they were negligent in that they knew or should have known of Pcolka's aberrant conduct or nature yet permitted him to have access to young people. That lawsuit, Rosado v. BridgeportRoman Catholic Diocesan Corporation et al, Superior Court, Judicial District of Fairfield, No. 302072, remains pending. CT Page 11400
Pursuant to Practice Book § 152, the defendant Pcolka moved to strike the twelve counts of the Rosado lawsuit which were directed against him.[1] The basis of his motion was that the causes of action of the various plaintiffs were misjoined in a single lawsuit. See Practice Book § 152(4). Neither the Diocese nor Bishop Curtis joined in that motion. The court (Freedman, J.) granted Pcolka's motion to strike.
The plaintiffs thereupon individually commenced separate lawsuits against Pcolka, the Diocese, and Bishop Curtis. In each of these lawsuits a single plaintiff alleged that he or she had been sexually assaulted by Pcolka and that the Diocese and Bishop Curtis were vicariously liable. The Diocese and Bishop Curtis have moved to dismiss each of these actions "as to those two defendants under the common law prior pending action doctrine." (Emphasis in original.)
That doctrine holds that "[t]he pendency of a prior suit of the same character, between the same parties, brought to obtain the same end or object, is, at common law, good cause for abatement. It is so, because there cannot be any reason or necessity for bringing the second, and, therefore, it must be oppressive and vexatious. This is a rule of justice and equity, generally applicable, and always, where the two suits are virtually alike, and in the same jurisdiction. Hatch v. Spofford, 22 Conn. 485, 494
[1853]; Cahill v. Cahill, 76 Conn. 542, 547, 57 A. 284 [1904].Dettenborn v. Hartford-National Bank Trust Co., 121 Conn. 388,392, 185 A. 82 (1936); see Zachs v. Public Utilities Commission,171 Conn. 387, 391-92, 370 A.2d 984 (1976). The rule forbidding the second action is not, however, one of unbending rigor, nor of universal application, nor a principle of absolute law . . . .Hatch v. Spofford, [supra]. Farley-Harvey Co. v. Madden, 105 Conn. 679,682, 136 A. 586 (1927); see Brochin v. Connecticut ImportingCo., 137 Conn. 350, 352, 77 A.2d 336 (1950); Dettenborn v.Hartford-National Bank Trust Co., supra, 393 [;] Henry F. RaabConnecticut, Inc. v. J. W. Fisher Co., supra, 112-13." Solomon v.Aberman, 196 Conn. 359, 383, 493 A.2d 193 (1985).
Here, the two suits are of the same character. Both are common law negligence actions, and every issue has been or may be raised in the prior pending action as is sought to be raised in the new actions. See Beaudoin v. Town Oil Co. 207 Conn. 575,587-589, 542 A.2d 1124 (1988); Zachs v. Public Utilities Commission,171 Conn. 387, 370 A.2d 984 (1976). The suits are between the same CT Page 11401 parties. Each plaintiff in each of the new actions already is a plaintiff in the prior action, and the Diocese and Bishop Curtis are defendants in each of the new actions. That there are additional plaintiffs in the prior pending action is not material.Zachs v. Public Utilities Commission, supra, 171 Conn. 392. Finally, each action is brought to obtain the same end or object, to wit, damages.
The plaintiffs apparently named the Diocese and Bishop Curtis based on their belief that the counts which the court (Freedman,J.) had stricken were stricken as to the Diocese and Bishop Curtis as well as the defendant Pcolka. "We must read the language of a trial court in the context of its entire memorandum of decision . . . ." Fisher v. Fisher, 4 Conn. App. 97, 100, 492 A.2d 525 (1985). Reading its language fairly and in the context of the entire memorandum of decision, the court did not strike any counts as to the defendants Diocese and Bishop Curtis. Also, a memorandum of decision should be read consonant with the applicable law. Ibid. Pcolka's motion to strike did not request that any counts be stricken as to the Diocese and Bishop Curtis nor could it have requested such relief. One party cannot raise claims of another party; Hillman v. Greenwich, 217 Conn. 520, 529, 587 A.2d 99
(1991); anymore than one party may rely on the claims of another party which it has not asserted State v. Jacobs, 194 Conn. 119, 128n. 4, 479 A.2d 226 (1985), cert. denied, 469 U.S. 1190,105 S.Ct. 963, 83 L.Ed.2d 968 (1984); see Practice Book §§ 285A, 4183; see also Practice Book §§ 112, 113; Crowell v. Palmer, 134 Conn. 502,58 A.2d 729 (1948) (misjoinder of causes of action waived by not timely filing proper motion); Sibley v. Krauskopf, 118 Conn. 158,171 A. 4 (1934) (same); Taylor v. Lounsbury-Soule Co.,106 Conn. 41, 137 A. 159 (1927) (same). Nor could the trial court strike a complaint or counts of a complaint as to a nonmoving party sua sponte. Cf. Yale University School of Medicine v.McCarthy, 26 Conn. App. 497, 502, 602 A.2d 1040 (1992).
The plaintiff's claims against the Diocese and Bishop Curtis already are asserted in a prior pending action between these parties. As to those defendants this action is unnecessary. Accordingly, the motion to dismiss is granted.
BY THE COURT
Levin, J.