[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON PLAINTIFF'S MOTION FOR CONTEMPTAND DEFENDANT'S MOTION TO REOPEN (SIC) AND SET ASIDE
The plaintiff wife and the defendant husband were divorced on July 23, 1993. As part of the separation agreement incorporated into the decree, the defendant was ordered to pay to the plaintiff a sum equal to one-half the net equity in the jointly-owned real property at 4 Cleveland Road, New Haven, Ct.[1] The decree further anticipated that the parties would be able to agree on what that sum would be, but specifically held that the court would "retain jurisdiction to make findings and orders as to the fair market value of the property" in the event the parties could not agree.
In the summer of 1994, the court held such a hearing. On September 12, 1994, the court issued its memorandum of decision finding that the fair market value of the property was $175,000. On September 29, 1994, the defendant filed a motion to set aside the finding of fair market value on the grounds that the judge who heard the matter had, sometime prior to 1992, participated pendente lite in pretrial settlement discussions. On October 14, 1994, the plaintiff moved for contempt against the defendant for his failure to pay to her the sum which equals one-half of the net equity. She also moved for an award of attorney fees and asked the court to deny the defendant's motion to set aside the fair market value finding.
The court finds no merit to the defendant's claim that the judge who heard the evidence and made the findings concerning fair market value should have recused himself. In fact, the judge was never asked to recuse himself, even though the defendant concedes he was aware of the judge's prior involvement with the case at the time of the fair market value hearing. It is clear that parties are not permitted to anticipate a favorable decision, reserving the right to impeach it or set it aside if it happens to be against them for a cause that was well known to them before or during the trial. Timm v. Timm, 195 Conn. 202
(1985). The defendant argues that, while he was aware of the fact of the judge's involvement, he was proceeding pro se and did not fully understand the law permitting a party to request a recusal. Even if the court were to believe that the defendant lacked the legal skill to research the law concerning recusal, a fact that the court does not find given the court's observations of the defendant's pro se advocacy, he is bound by the same rules of procedure and evidence, not to say the same substantive law, as any other litigant. Cersosimo v. Cersosimo, 188 Conn. 385, 393-94
(1982); Maloney v. Maloney, 17 Conn. App. 829 (1989). CT Page 11983
Nor has there been any showing that the trial court had any memory or knowledge in 1994 of a case that it may have pre-tried in 1992 that might have made a recusal appropriate, even if such a recusal motion had been filed. Despite the defendant's claims that the court acted improperly, this court concludes that there has been a complete absence of any such showing. The Defendant's Motion to Set Aside is denied.
As to the plaintiff's motion for contempt, the court does not find the defendant in contempt. There is no evidence that the disagreement over fair market value was not a bona fide dispute that only submission to the court could settle. See Niles v.Niles, 9 Conn. App. 240, 253-54 (1986). The defendant's motion to set aside the finding was promptly filed, and, though without merit, does not appear to be entirely frivolous or merely for the purpose of delay. The defendant has paid $7500 of the amount owed to the plaintiff, and has offered to pay the rest, should his motion to set aside be denied, by December 21, 1994.
This court is empowered, even in the absence of a finding of contempt, to make any party whole who has suffered as a result of another party's failure to comply with a court order. Sardilli v.Sardilli, 16 Conn. App. 114, 120 (1988); Nelson v. Nelson,13 Conn. App. 355, 367 (1988). Therefore, this court orders the defendant to pay to the plaintiff the sum of $12,425 on or before December 21, 1994.
Because the defendant failed to promptly comply with the payment order in the decree after the court's finding of September 9, 1994, and rather initiated or made necessary the plaintiff's initiation of further proceedings during which the defendant delayed the payment of the funds, this court also finds that it is equitable that the defendant pay to the plaintiff a reasonable attorney fee. Bielen v. Bielen, 12 Conn. App. 513
(1987). The court finds the sum of $1500 to be such a reasonable fee, and orders it paid also on or before December 21, 1994.
PATTY JENKINS PITTMAN, J.