[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The plaintiff has filed a motion to open the court's decision of January 17, 2001 awarding the plaintiff $500 in attorneys' fees following an adjudication of contempt against the defendant. The plaintiff asserts that the matter should be opened because the plaintiff was denied her right to an evidentiary hearing on her request for attorneys' fees.
An evidentiary hearing on the plaintiff's motion for attorney's fees was not necessary. The defendant was disputing the reasonableness, not the accuracy, of the plaintiff's fee request. Therefore, in considering the plaintiff's motion for attorneys' fees, I assumed the affidavit of the plaintiff's attorney that he had expended 35 hours and that his hourly rate was $225 for a total attorney's fee of $7,875 to be true and accurate. The only issue to be determined was the reasonableness of the fee. I heard oral argument on the issue from both parties and determined that an award of $500 was reasonable in light of the nature of the proceedings before me. A trial court may properly rely on its general knowledge and involvement with the entire trial to ascertain a reasonable attorney's fee. "Courts have a general knowledge of what would be a reasonable attorney's fee for services which are fairly stated and described. Courts may rely on their general knowledge of what has occurred at the proceedings before them to supply evidence in support of CT Page 5069 an award of attorney's fees. The court is in a position to evaluate the complexity of the issues presented and the skill with which counsel had dealt with these issues." (Citations and quotation marks omitted.) Millerv. Kirshner, 225 Conn. 185, 201 (1993).
After I informed plaintiff's counsel that I wanted to hear oral argument on the issue of attorneys' fees, he did not indicate that an evidentiary hearing was necessary or that he was requesting such a hearing. Since plaintiff's attorney did not object at that time, he cannot know protest that he was denied an evidentiary hearing. "If counsel has full knowledge of improper conduct (or what he perceives to be improper procedure) he cannot remain silent, hoping for a favorable ruling, and then be heard to complain when the order is unsatisfactory."Walsh v. Walsh, 190 Conn. 126, 132 (1983). See also Bielen v. Bielen,12 Conn. App. 513, 515 (1987).
Accordingly, the plaintiff's motion to open is hereby denied.
BY THE COURT
Judge Jon M. Alander