[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: DEFENDANT'S MOTION TO DISMISS
The defendant moves to dismiss this action the grounds that: (1) there was a prior action pending in the Housing Court at the time this foreclosure action was started; (2) mesne process in this action is incomplete.
The facts are as follows:
The plaintiff started a foreclosure action entitled Alliance MortgageCo. v. Paul Lapenta, Et Al., No. CV 00-0803940 in this court on January 9, 2001, and obtained a judgment of strict foreclosure on January 29, 2001. Title vested in the plaintiff on March 15, 2001. In that action the plaintiff did not cite the defendant Norma Alvarado who was the tenant in the subject premises. On May 10, 2001, the plaintiff commenced a summary process proceeding against defendant Norma Alvarado for possession of the premises in the Housing Court in an action entitled Alliance Mortgage Co.v. John Doe I, Jane Doe II (Norma Alvarado, Et Al., HDST-114372. While the Housing Court case was pending the plaintiff started this action on July 6, 2001 to foreclose Norma Alvarado as an omitted party in the original foreclosure action. Subsequently, plaintiff withdrew the housing court case.
The summons in this case omits the address of Alliance Mortgage Co. and also the telephone number of the court.
As for defendant's ground to dismiss based on a prior pending action, that is well settled as a valid ground. The leading Connecticut case ofCahill v. Cahill, 76 Conn. 542, 547 (1904) holds, "`The pendency of a prior suit of the same character, between the same parties, brought to obtain the same end or object, is at common law a good cause of abatement. This is a rule of justice and equity generally applicable, and always where the two suits are virtually alike and in the same jurisdiction' ". . . The reason for the rule is to protect the defendant from "oppressive and vexatious" litigation. Id. at p. 547.
In this case, however, the summary process action against the defendant was withdrawn after this case was started but before the hearing of this motion to dismiss. Under such circumstances our courts have held that the purpose of the rule is not served when the prior action has been withdrawn before the motion to dismiss is heard, Leeb-Lundberg v. King, No. CV CT Page 14659 92-0125302, Judicial District of Stamford/Norwalk at Stamford (Sylvester, J., November 13, 1992) 1992 WL 339751. See also O'Brien v.Banet, 16 Conn. Sup. 435 (1950).
As for the motion to dismiss based on the incomplete summons form, inHillman v. Greenwich, 217 Conn. 520 (1991), the Supreme Court did dismiss a case when it was commenced without a writ of summons. However, the court went on to state that the writ of summons need not be technically perfect and need not conform exactly to the form set forth in the Practice Book, as long as it contains the basic information and directions normally included in the writ of summons. Id. at 526. Connecticut General Statutes § 52-45a provides: "Civil actions shall be commenced by legal process consisting of a writ of summons or attachment, describing the parties, the court to which it is returnable, the return date, the date and place for filing of an appearance and information required by the office of the Chief Court Administrator." That basic information was included in the summons filed in this case.
Section 8-1 of the Connecticut Practice Book provides: "The writ of summons shall be on a form substantially in compliance with the following judicial branch forms prescribed by the Chief Court Administrator: . . . Form JD-CV-1 in other civil actions, as such form shall from time to time be amended." (Underlining added). The summons in this case leaves out the address of the plaintiff and the phone number of the court, but the court finds that it is "substantially in compliance" with the requisite form.
As a consequence, the court finds that neither ground to dismiss this case has merit and, denies the motion to dismiss.
Robert Satter State Judge Referee