[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION TO DISMISS (101)
The Defendant has moved to dismiss this action against him because the Plaintiff has another action pending in this Judicial District wherein the Plaintiff alleges to have sustained injuries arising out of the same acts complained of in this case and therefore this case should be dismissed for lack of subject matter jurisdiction based on the prior pending action doctrine. The Plaintiff claims that the Motion to Dismiss should be denied because the prior action alleges negligence only while this action alleges a wanton and malicious assault and battery.
Both actions allege that on May 2, 1999 the Plaintiff was operating a vehicle on a highway in East Windsor when it collided with the vehicle operated by the Defendant. In the first action the Plaintiff claims the collision was caused by the Defendant's negligence and carelessness. In the instant action the Plaintiff claims the Defendant wantonly and maliciously assaulted the Plaintiff with his motor vehicle. In each action money damages are claimed.
The Defendant claims that this action should be dismissed based on the prior pending action doctrine set forth in Halpern v. Board of Education,196 Conn. 647, 652-653 (1985). There the court stated: "`We have explicated the prior pending action doctrine as follows: "The pendency of a prior suit of the same character, between the same parties, brought to obtain the same end or object, is, at common law, good cause for abatement. It is so, because there cannot be any reason or necessity for bringing the second, and, therefore, it must be oppressive and vexatious." This is "a rule of justice and equity, generally applicable, and always, where the two suits are virtually alike, and in the same jurisdiction." Hatch v. Spofford, [supra, 494]; Cahill v. Cahill,76 Conn. 542, 547, 57 A. 284 [1904].' Dettenborn v. Hartford-NationalBank Trust Co., 121 Conn. 388, 392, 185 A. 82 (1936); see Zachs v.Public Utilities Commission, 171 Conn. 387, 391-92, 370 A.2d 984
(1976)." CT Page 11852
In determining whether this action should be dismissed based on the prior pending action doctrine, the court must examine the pleadings to determine whether the actions are virtually alike and seek to adjudicate the same rights. Cumberland Farms, Inc. v. Town of Groton, 247 Conn. 196,216 (1998). Here the allegations of the first and second complaints are identical as to facts of the occurrence and the resulting injuries and the prayer for relief. Where they differ are the allegations as to the theory of liability. In the first complaint the Plaintiff claims the collision was caused by the Defendant's negligence in his operation of his vehicle and in the second complaint the Plaintiff claims the collision was caused by the Defendant's wanton and malicious assault of the Plaintiff with his vehicle. Basically the Plaintiff is seeking relief for the same injuries caused in the same occurrence but on different theories of liability. In Sandvig v. Debreuil and Sons, Inc.,53 Conn. App. 466 (1999), the Appellate Court upheld the trial court's dismissal of a contract action where the allegations were virtually identical to those in a prior pending negligence action. The court noted that the Plaintiff sought the same relief based on the same facts in both actions. Here the Plaintiff has done the same. In both actions the Plaintiff claims money damages for injuries suffered in a motor vehicle incident on May 2, 1999. The only difference is the theories of liability. Under such circumstances, the prior pending action doctrine bars the second complaint. Where "the present case and the prior pending action both (1) arise from the same factual background, (2) include the same parties and (3) seek the same goals or objectives," the prior pending action doctrine applies. Modzelewski v. William Raveis RealEstate, Inc., 65 Conn. App. 708, 714 (2001).
The Motion to Dismiss is granted.
 ___________________, J. Jane S. Scholl
CT Page 11853